# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RODNEY GRANT, | ) |
| Plaintiff, | ) Case No. 17-cv-2797-NJB-DEK |
| v. | ) |
| MARLIN GUSMAN, *et al.*, | ) |
| Defendants. | ) |

## MEMORANDUM IN SUPPORT OF MOTION TO WITHDRAW DEEMED ADMISSIONS PURSUANT TO F.R.C.P. RULE 36(B)

MAY IT PLEASE THE COURT:

### I.     FACTS

On or about October 9, 2018, the Plaintiff propounded various discovery requests electronically upon the Sheriff, including requests for admission[1], via electronic mail, including several dozen attachments. These various transmissions arrived in what could only be constituted as disarray, sent over numerous separate emails with dozens of files spanning over 400 pages of exhibits attached [2] (including sound recordings), with some emails unknowingly being caught in a spam folder due to excessive size.

The transmission included 38 requests for admission, many of which are seeking admissions of legal principles as interpreted by the Plaintiff himself. To adequately even address the admissions required extensive review of the nearly 3 dozen file attachments spread out over four separate emails. Full and complete analysis of the 400+ pages of exhibits, including conferring with an elected official who is a named defendant in his official capacity, required additional time than originally thought or hoped as the Defendants and their counsel navigated

---

[1] *See* Exhibit A, Requests for Admissions.
[2] *See* Exhibit B, text-based attachments to the Plaintiff's discovery.

inverted pages on a computer screen. Defendant transmitted his objections and responses to the requests for admissions on November 16, 2018, 7 days after the 30 day period lapsed.[3]

## II. LAW AND ARGUMENT

Under Federal Rule of Civil Procedure 36(b), "the court may permit withdrawal or amendment if it would promote the merits of the action and if the court is not persuaded that it would prejudice the requesting party in maintaining or defending the action on the merits." Even when that two prong test has been satisfied, the district court still has discretion whether it will admit or deny a request to withdraw or amend an admission. *See In re Carney*, 258 F.3d 415, 419 (5th Cir. 2001). Deeming matters admitted is a "severe sanction" when a party has "intentionally disregarded the obligations imposed by Rule 36(a)." *See Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309 (5th Cir. 1983). Filing of a late response to requests for admissions is the equivalent of a withdrawal of an admission. *See Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309 (8th Cir. 1983).

### A. Amendment would promote the merits of the action

The Plaintiff is well aware of the defendants' positions in this matter, having responded to and argued motions to dismiss which involved extensive briefing, and already having conducted depositions in this matter. It is clear from the nature of the requests that the plaintiff has sought admissions which are plainly factually inapposite to the positions and factual beliefs of the defendants, and if they were deemed admitted, would result in factually and legally untrue statements in the record from the defendants' perspective. The Fifth Circuit has acknowledged that even after the two prong test discussed above, "other factors considered are whether the plaintiff has demonstrated that the merits would be served by advancing evidence showing 'the

---
[3] *See* Exhibit C, Defendant's Objections and Responses to Plaintiff's RFA.

admission is contrary to the record of the case,' or that the admission 'is no longer true because of changed circumstances or [that] through an honest error a party has made an improvident admission." *Le. v. Cheescake Factory Restaurants Inc.*, 2007 WL 715260 (5th Cir. 2007); *citing North Louisiana Rehabilitation Center v. U.S*., 179 F.Supp.2d 658, 663 (W.D.La.2001). It was clear from the moment that the Plaintiff sought admissions of the same legal conclusions the plaintiff drew in his Opposition to the Defendant's Motion to Dismiss (R. Doc. 26), and which the defendant successfully opposed, that the defendant would not suddenly admit these legal statements as being true.[4] Further, it is plainly evident that withdrawal is in the interest of justice and in promoting the merits of the action. When a material fact is clearly contested, considering that fact to be admitted precludes, rather than promotes, presentation of the case on the merits. *See Edeh v. Equifax Information Services*, LLC, 295 F.R.D. 219 (D. Minn. 2013), aff'd, 564 Fed. Appx. 878 (8th Cir. 2014).

**B.     Plaintiff would suffer absolutely no prejudice should this motion be granted.**

The Plaintiff is exposed to no prejudice by the 7 day delay in receiving responses to the requests for admissions. Discovery is in its earliest stages, and no defendants have been deposed as of the date of this motion. The Defendants appeared and filed Answers in this matter less than a month before the discovery was propounded. (R. Docs. 69-70).

"Prejudice may occur where a party faces 'special difficulties . . . caused by a sudden need to obtain evidence upon withdrawal or amendment of an admission'". *Thanedar v. Time Warner, Inc*., 352 Fed. Appx. 891, 896 (5th Cir. 2009); *citing Am. Auto Ass'n., Inc., v. AAA Legal Clinic of Jefferson Crooke, P.C*., 930 F.3d 1117, 1120 (5th Cir. 1991). Merely having to convince a trier of fact of the truth of a matter erroneously admitted is not sufficient. *Id*., citing *N. La. Rehab. Center, Inc. v. United States,* 179 F.Supp.2d 658, 663

---
[4] See Exhibit A, Requests for Admissions, Requests No. 31-38.

(W.D.La.2001) (quoting *F.D.I.C. v. Prusia,* 18 F.3d 637, 640 (8th Cir.1994)). In *Le. v. Cheescake Factory Restaurants Inc.*, supra, the Fifth Circuit stated that a district court may have abused its discretion in denying withdrawal when the opposing party had almost six months to continue conducting discovery and its only prejudice was arguably the additional expense of discovery. *Id.*, *citing Gutting,* 710 F.2d at 1314; *N. La. Rehab. Ctr. Inc.,* 179 F.Supp.2d at 663.

The *Le* court also considered the time period between when the party had notice that it had not responded to discovery, and the point at which the motion to withdraw the admission, in its consideration, noting that a five month period delay was excessive. *Le. v. Cheescake Factory Restaurants Inc.,* 2007 WL 715260, *3. In the instant matter, this period is a matter of hours. It is perhaps for this reason that courts have considered the late filing of responses to constitute withdrawal of a deemed admission, obviating the need for motion practice. *See Gutting v. Falstaff Brewing Corp.*, 710 F.2d 1309 (8th Cir. 1983).

### III.  CONCLUSION

Defendant has satisfied both prongs of the required standard. Allowing amendment would promotes the merits of the case, and the plaintiff can show no prejudice in the 7 day delay in receiving responses to his requests for admission. As such, this Motion should be granted by this Honorable Court.

                                      Respectfully submitted,

                                      **ORLEANS PARISH SHERIFF'S OFFICE**

                                      _____*/s/ Blake J. Arcuri*_____
                                      BLAKE J. ARCURI (LSBN 32322)
                                      LAURA C. RODRIGUE (LSBN 30428)
                                      FREEMAN R. MATTHEWS (LSBN 9050)
                                      2800 Perdido St.
                                      New Orleans, LA 70119
                                      Telephone: 504.493.2107; Fax: 504.202.9454
                                      arcurib@opso.us; rodriguela@opso.us

## CERTIFICATE OF SERVICE

 I do hereby certify that on this 16th day of November, 2018, a copy of the foregoing was filed electronically with the Clerk of Court using the CM/ECF system. Notice of this filing will be sent by operation of the court's electronic filing system. I also certify that a copy of the foregoing will be sent to all non-CM/ECF participant(s) by United States Mail, properly addressed and postage pre-paid.

                 ____/s/Blake J. Arcuri_____