UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RODNEY GRANT, | ) |
|  | ) |
| Plaintiff, | ) |
| v. | ) Case No. 17-cv-2797-NJB-DEK |
|  | ) |
| MARLIN GUSMAN, *et al.*, | ) |
|  | ) |
| Defendants. | ) |

**PLAINTIFF'S FIRST REQUESTS FOR ADMISSIONS TO OPSO**

Plaintiff Rodney Grant hereby propounds the following Request for Admissions upon Marlin Gusman, Corey Amacker, and Sidney Holt ("OPSO Defendants"), pursuant to Fed R. Civ. P. 36 and Local Rule 36(b). Failure to respond within thirty days of receipt of these requests shall be deemed as admissions.

These Requests for Admissions are directed to OPSO Defendants together; if the various Defendants have different answers from each other, they are directed to so specify.

"DOC" means the Louisiana Department of Public Safety & Corrections. "OPSO" means the Orleans Parish Sheriff's Office.

**REQUEST FOR ADMISSION No. 1:**

Rodney Grant was incarcerated from 2008 to 2015.[1]

**REQUEST FOR ADMISSION No. 2:**

Rodney Grant was incarcerated from 2009 to 2015.[2]

**REQUEST FOR ADMISSION No. 3:**

On June 30, 2016, Judge Camille Buras sentenced Rodney Grant to:

"1 YEAR, AT THE DEPARTMENT OF CORRECTIONS
THIS SENTENCE IS CONCURRENT WITH THESE COUNTS: ANY OTHER SENTENCE

---

[1] Ex. K at 35.
[2] See Ex. D at 3-4.

THE DEFENDANT IS GIVEN CREDIT FOR TIME SERVED FROM 9-14-08 to 2015"

**REQUEST FOR ADMISSION No. 4:**

Rodney Grant's Plea of Guilty form, signed by Judge Buras, says "1 year, DOC, CFTS, concurrent with any other sentence," and has a notation of "9-14 2008 -2015 Δ served jail time."[3]

**REQUEST FOR ADMISSION No. 5:**

On June 30, 2016, Judge Buras told the Sheriff's attorney, Blake Arcuri, to have OPSO expedite processing for Rodney's release.

**REQUEST FOR ADMISSION No. 6:**

Because Rodney Grant was incarcerated at Dixon Correctional Institute from 2008 to 2015, and because his June 30, 2016 sentence was for 1 year with "credit for time served from 9-14-08 to 2015," his sentence was complete as of June 30, 2016.

**REQUEST FOR ADMISSION No. 7:**

On July 7, 2016, the DOC sent OPSO an inmate transfer request for Rodney Grant with July 12, 2016, as the transfer date.[4]

**REQUEST FOR ADMISSION No. 8:**

No one at OPSO took any steps to expedite Rodney Grant's July 12, 2016 transfer date.

**REQUEST FOR ADMISSION No. 9:**

On July 7, 2016, the DOC received a packet of Rodney Grant's documents from OPSO.

**REQUEST FOR ADMISSION No. 10:**

Rodney Grant's Bill of Information was in the packet of documents OPSO sent to DOC for Rodney Grant.

**REQUEST FOR ADMISSION No. 11:**

On July 12, 2016, the DOC took custody of Rodney Grant from OPSO.[5]

---

[3] Exhibit B.
[4] Ex. W.
[5] Ex. G, Ex. X.

**REQUEST FOR ADMISSION No. 12:**

The clear intention of all parties when Rodney Grant pled guilty was to have his credit for time served sentence result in a release.[6]

**REQUEST FOR ADMISSION No. 13:**

Rodney Grant was released from custody on July 27, 2016.[7]

**REQUEST FOR ADMISSION No. 14:**

Rodney Grant was released from custody after noon July 27, 2016.[8]

**REQUEST FOR ADMISSION No. 15:**

OPSO was Rodney Grant's jailor for parts of June and July 2016.

**REQUEST FOR ADMISSION No. 16:**

It is OPSO policy to hold persons sentenced to DOC time until the DOC requests that they be transferred to physical DOC custody.

**REQUEST FOR ADMISSION No. 17:**

It is OPSO practice to not release persons sentenced to DOC time until the DOC requests that they be transferred to physical DOC custody.

**REQUEST FOR ADMISSION No. 18:**

It is OPSO policy to hold persons sentenced to DOC time until the DOC requests that they be transferred to physical DOC custody, even when OPSO has reason to believe the person will be eligible for immediate release once their time is calculated.

**REQUEST FOR ADMISSION No. 19:**

It is OPSO practice to hold persons sentenced to DOC time until the DOC requests that they be transferred to physical DOC custody, even when OPSO has reason to believe the person will be eligible for immediate release once their time is calculated.

**REQUEST FOR ADMISSION No. 20:**

Some persons sentenced to DOC time are eligible for immediate release upon sentencing.

---

[6] Ex. I.
[7] See Exhibit C.
[8] See Exhibit C, Ex. J.

**REQUEST FOR ADMISSION No. 21:**

Some persons sentenced to DOC time are eligible for immediate release upon sentencing because they have been given credit for time served, and have already served that time in pre-trial detention.

**REQUEST FOR ADMISSION No. 22:**

A criminal defendant sentenced to the custody of the DOC is eligible for immediate release if they meet three criteria: (a) is sentenced to a certain length of time; (b) is entitled to credit for time served; and (c) has spent longer in pre-trial detention than their sentence.

**REQUEST FOR ADMISSION No. 23:**

When an person is sentenced in Orleans parish to DOC time, it typically takes more than 48 hours before OPSO phsyically hands them over to the DOC.

**REQUEST FOR ADMISSION No. 24:**

When an person is sentenced in Orleans parish to DOC time, it typically takes more than four days before OPSO phsyically hands them over to the DOC.

**REQUEST FOR ADMISSION No. 25:**

When an person is sentenced in Orleans parish to DOC time, it typically takes more than a week before OPSO phsyically hands them over to the DOC.

**REQUEST FOR ADMISSION No. 26:**

Preclass paperwork is driven from OPSO to the DOC once a week on Thursdays.

**REQUEST FOR ADMISSION No. 27:**

When an person is sentenced in Orleans parish to DOC time, it typically takes more than 48 hours before OPSO phsyically hands them over to the DOC, even when OPSO has reason to believe they are eligible for immediate release upon sentencing.

**REQUEST FOR ADMISSION No. 28:**

When an person is sentenced in Orleans parish to DOC time, it typically takes more than a week before OPSO phsyically hands them over to the DOC, even when OPSO has reason to believe they are eligible for immediate release upon sentencing.

**REQUEST FOR ADMISSION No. 29:**

Marlin Gusman is the final policymaker for the OPSO.

**REQUEST FOR ADMISSION No. 30:**

OPSO is compensated for each day it holds someone sentenced to DOC time.

**REQUEST FOR ADMISSION No. 31:**

Once an inmate is eligible for immediate release, the OPSO no longer has legal authority to hold him.

**REQUEST FOR ADMISSION No. 32:**

No privilege enables a jailer to detain a prisoner beyond the period of his lawful sentence.[9]

**REQUEST FOR ADMISSION No. 33:**

A jailor has a duty to ensure that inmates are timely released from prison.[10]

**REQUEST FOR ADMISSION No. 34:**

A jailor has "not only the duty to protect a prisoner, but also the duty to effect his timely release."[11]

**REQUEST FOR ADMISSION No. 35:**

Once a prisoner's sentence has expired, his jailor has a reasonable amount of time to process and release him.

**REQUEST FOR ADMISSION No. 36:**

Once a prisoner's sentence has expired, his jailor has a reasonable amount of time to process and release him; that reasonable time, however, must be less than forty-eight hours.

**REQUEST FOR ADMISSION No. 37:**

At a November 15, 2010 hearing involving OPSO, Judge Vance said "if the prisoner was entitled to be released in August, to hold him past the due date of the detainer would violate his due process right because he was at that point entitled to be released."[12]

---

[9] *Whirl v. Kern*, 407 F.2d 781, 791 (5th Cir. 1968)
[10] *Porter v. Epps*, 659 F. 3d 440, 445 (5th Cir. 2011).
[11] *Porter v. Epps*, 659 F. 3d 440, 445 (5th Cir. 2011).
[12] Ex. N at 8.

**REQUEST FOR ADMISSION No. 38:**

Marlin Gusman was present at a November 15, 2010 hearing when Judge Vance said "if the prisoner was entitled to be released in August, to hold him past the due date of the detainer would violate his due process right because he was at that point entitled to be released."[13]

        Rodney Grant, by and through his counsel,

        /s/ William Most
        WILLIAM MOST
        La. Bar No. 36914
        201 St. Charles Ave., Ste. 114, # 101
        New Orleans, LA 70170
        T: (504) 509-5023
        Email: williammost@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 9, 2018, a copy of *Plaintiff's First Request for Admissions to OPSO* was transmitted to counsel for DOC Defendants by email.

        /s/ William Most
        WILLIAM MOST

---

[13] Ex. N at 8, 11.