UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RODNEY GRANT, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) Case No. 17-cv-2797-NJB-DEK |
| MARLIN GUSMAN, *et al.*, | ) ) ) |
| Defendants. | ) ) |

**DEFENDANTS' RESPONSES TO PLAINTIFF'S
FIRST REQUESTS FOR ADMISSIONS TO OPSO**

Defendant Marlin N. Gusman hereby responds and objects as follows:

**REQUEST FOR ADMISSION No. 1:**

Rodney Grant was incarcerated from 2008 to 2015.[1]

**RESPONSE TO REQUEST FOR ADMISSION NO. 1:**

Denied.

**REQUEST FOR ADMISSION No. 2:**

Rodney Grant was incarcerated from 2009 to 2015.[2]

**RESPONSE TO REQUEST FOR ADMISSION NO. 2:**

Denied.

**REQUEST FOR ADMISSION No. 3:**

On June 30, 2016, Judge Camille Buras sentenced Rodney Grant to:

"1 YEAR, AT THE DEPARTMENT OF CORRECTIONS
THIS SENTENCE IS CONCURRENT WITH THESE COUNTS: ANY OTHER SENTENCE
THE DEFENDANT IS GIVEN CREDIT FOR TIME SERVED FROM 9-14-08 to 2015"

---

[1] Ex. K at 35.
[2] See Ex. D at 3-4.

1

**RESPONSE TO REQUEST FOR ADMISSION NO. 3:**

Defendant objects to this request, as it calls for a legal conclusion.  Defendant further objects to any extent that Plaintiff seeks any admission as to an illegal sentence subsequently vacated.

**REQUEST FOR ADMISSION No. 4:**

Rodney Grant's Plea of Guilty form, signed by Judge Buras, says "1 year, DOC, CFTS, concurrent with any other sentence," and has a notation of "9-14 2008 -2015 Δ served jail time."[3]

**RESPONSE TO REQUEST FOR ADMISSION NO. 4:**

Defendant objects to this request, as it calls for a legal conclusion.  Subject to that objection, and without waiving the same, denied.

**REQUEST FOR ADMISSION No. 5:**

On June 30, 2016, Judge Buras told the Sheriff's attorney, Blake Arcuri, to have OPSO expedite processing for Rodney's release.

**RESPONSE TO REQUEST FOR ADMISSION NO. 5:**

Denied as written.

**REQUEST FOR ADMISSION No. 6:**

Because Rodney Grant was incarcerated at Dixon Correctional Institute from 2008 to 2015, and because his June 30, 2016 sentence was for 1 year with "credit for time served from 9-14-08 to 2015," his sentence was complete as of June 30, 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 6:**

Defendant objects to this request, as it calls for a legal conclusion.

**REQUEST FOR ADMISSION No. 7:**

On July 7, 2016, the DOC sent OPSO an inmate transfer request for Rodney Grant with July 12, 2016, as the transfer date.[4]

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Denied as written.

---

[3] Exhibit B.
[4] Ex. W.

**REQUEST FOR ADMISSION No. 8:**

No one at OPSO took any steps to expedite Rodney Grant's July 12, 2016 transfer date.

**RESPONSE TO REQUEST FOR ADMISSION NO. 8:**

Denied.

**REQUEST FOR ADMISSION No. 9:**

On July 7, 2016, the DOC received a packet of Rodney Grant's documents from OPSO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 9:**

Denied.

**REQUEST FOR ADMISSION No. 10:**

Rodney Grant's Bill of Information was in the packet of documents OPSO sent to DOC for Rodney Grant.

**RESPONSE TO REQUEST FOR ADMISSION NO. 10:**

Admitted.

**REQUEST FOR ADMISSION No. 11:**

On July 12, 2016, the DOC took custody of Rodney Grant from OPSO.[5]

RESPONSE TO REQUEST FOR ADMISSION NO. 11:

Admitted.

**REQUEST FOR ADMISSION No. 12:**

The clear intention of all parties when Rodney Grant pled guilty was to have his credit for time served sentence result in a release.[6]

**RESPONSE TO REQUEST FOR ADMISSION NO. 12:**

Defendant objects to this request as it call for speculation.

---

[5] Ex. G, Ex. X.
[6] Ex. I.

**REQUEST FOR ADMISSION No. 13:**

Rodney Grant was released from custody on July 27, 2016.[7]

**RESPONSE TO REQUEST FOR ADMISSION NO. 13:**

Denied.

**REQUEST FOR ADMISSION No. 14:**

Rodney Grant was released from custody after noon July 27, 2016.[8]

**RESPONSE TO REQUEST FOR ADMISSION NO. 14:**

Denied.

**REQUEST FOR ADMISSION No. 15:**

OPSO was Rodney Grant's jailor for parts of June and July 2016.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Denied.

**REQUEST FOR ADMISSION No. 16:**

It is OPSO policy to hold persons sentenced to DOC time until the DOC requests that they be transferred to physical DOC custody.

**RESPONSE TO REQUEST FOR ADMISSION NO. 16:**

Denied.

**REQUEST FOR ADMISSION No. 17:**

It is OPSO practice to not release persons sentenced to DOC time until the DOC requests that they be transferred to physical DOC custody.

**RESPONSE TO REQUEST FOR ADMISSION NO. 17:**

Denied.

**REQUEST FOR ADMISSION No. 18:**

---

[7] See Exhibit C.
[8] See Exhibit C, Ex. J.

It is OPSO policy to hold persons sentenced to DOC time until the DOC requests that they be transferred to physical DOC custody, even when OPSO has reason to believe the person will be eligible for immediate release once their time is calculated.

**RESPONSE TO REQUEST FOR ADMISSION NO. 18:**

Denied.

**REQUEST FOR ADMISSION No. 19:**

It is OPSO practice to hold persons sentenced to DOC time until the DOC requests that they be transferred to physical DOC custody, even when OPSO has reason to believe the person will be eligible for immediate release once their time is calculated.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Denied.

**REQUEST FOR ADMISSION No. 20:**

Some persons sentenced to DOC time are eligible for immediate release upon sentencing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Defendant objects to this request, as it calls for a legal conclusion.

**REQUEST FOR ADMISSION No. 21:**

Some persons sentenced to DOC time are eligible for immediate release upon sentencing because they have been given credit for time served, and have already served that time in pre-trial detention.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Defendant objects to this request, as it calls for a legal conclusion.

**REQUEST FOR ADMISSION No. 22:**

A criminal defendant sentenced to the custody of the DOC is eligible for immediate release if they meet three criteria: (a) is sentenced to a certain length of time; (b) is entitled to credit for time served; and (c) has spent longer in pre-trial detention than their sentence.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

5

Defendant objects to this request, as it calls for a legal conclusion.

**REQUEST FOR ADMISSION No. 23:**

When an person is sentenced in Orleans parish to DOC time, it typically takes more than 48 hours before OPSO phsyically hands them over to the DOC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 23:**

Denied as written.

**REQUEST FOR ADMISSION No. 24:**

When an person is sentenced in Orleans parish to DOC time, it typically takes more than four days before OPSO phsyically hands them over to the DOC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 24:**

Denied as written.

**REQUEST FOR ADMISSION No. 25:**

When an person is sentenced in Orleans parish to DOC time, it typically takes more than a week before OPSO phsyically hands them over to the DOC.

**RESPONSE TO REQUEST FOR ADMISSION NO. 25:**

Denied as written.

**REQUEST FOR ADMISSION No. 26:**

Preclass paperwork is driven from OPSO to the DOC once a week on Thursdays.

**RESPONSE TO REQUEST FOR ADMISSION NO. 26:**

Denied as written.

**REQUEST FOR ADMISSION No. 27:**

When an person is sentenced in Orleans parish to DOC time, it typically takes more than 48 hours before OPSO phsyically hands them over to the DOC, even when OPSO has reason to believe they are eligible for immediate release upon sentencing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 27:**

Denied as written.

**REQUEST FOR ADMISSION No. 28:**

When an person is sentenced in Orleans parish to DOC time, it typically takes more than a week before OPSO phsyically hands them over to the DOC, even when OPSO has reason to believe they are eligible for immediate release upon sentencing.

**RESPONSE TO REQUEST FOR ADMISSION NO. 28:**

Denied as written.

**REQUEST FOR ADMISSION No. 29:**

Marlin Gusman is the final policymaker for the OPSO.

**RESPONSE TO REQUEST FOR ADMISSION NO. 29:**

Denied as written.

**REQUEST FOR ADMISSION No. 30:**

OPSO is compensated for each day it holds someone sentenced to DOC time.

**RESPONSE TO REQUEST FOR ADMISSION NO. 30:**

Denied as written.

**REQUEST FOR ADMISSION No. 31:**

Once an inmate is eligible for immediate release, the OPSO no longer has legal authority to hold him.

**RESPONSE TO REQUEST FOR ADMISSION NO. 31:**

Defendant objects to this request, as it calls for a legal conclusion.

**REQUEST FOR ADMISSION No. 32:**

No privilege enables a jailer to detain a prisoner beyond the period of his lawful sentence.[9]

**RESPONSE TO REQUEST FOR ADMISSION NO. 32:**

Defendant objects to this request, as it calls for a legal conclusion.

---

[9] *Whirl v. Kern*, 407 F.2d 781, 791 (5th Cir. 1968)

**REQUEST FOR ADMISSION No. 33:**

A jailor has a duty to ensure that inmates are timely released from prison.[10]

**RESPONSE TO REQUEST FOR ADMISSION NO. 33:**

Defendant objects to this request, as it calls for a legal conclusion.

**REQUEST FOR ADMISSION No. 34:**

A jailor has "not only the duty to protect a prisoner, but also the duty to effect his timely release."[11]

**RESPONSE TO REQUEST FOR ADMISSION NO. 34:**

Defendant objects to this request, as it calls for a legal conclusion.

**REQUEST FOR ADMISSION No. 35:**

Once a prisoner's sentence has expired, his jailor has a reasonable amount of time to process and release him.

**RESPONSE TO REQUEST FOR ADMISSION NO. 35:**

Defendant objects to this request, as it calls for a legal conclusion.

**REQUEST FOR ADMISSION No. 36:**

Once a prisoner's sentence has expired, his jailor has a reasonable amount of time to process and release him; that reasonable time, however, must be less than forty-eight hours.

**RESPONSE TO REQUEST FOR ADMISSION NO. 36:**

Defendant objects to this request, as it calls for a legal conclusion.

**REQUEST FOR ADMISSION No. 37:**

At a November 15, 2010 hearing involving OPSO, Judge Vance said "if the prisoner was entitled to be released in August, to hold him past the due date of the detainer would violate his due process right because he was at that point entitled to be released."[12]

**RESPONSE TO REQUEST FOR ADMISSION NO. 37:**

---

[10] *Porter v. Epps*, 659 F. 3d 440, 445 (5th Cir. 2011).
[11] *Porter v. Epps*, 659 F. 3d 440, 445 (5th Cir. 2011).
[12] Ex. N at 8.

Defendant objects to this request, as it calls for a legal conclusion.

**REQUEST FOR ADMISSION No. 38:**

Marlin Gusman was present at a November 15, 2010 hearing when Judge Vance said "if the prisoner was entitled to be released in August, to hold him past the due date of the detainer would violate his due process right because he was at that point entitled to be released."[13]

**RESPONSE TO REQUEST FOR ADMISSION NO. 38:**

Denied.

Respectfully submitted,

**ORLEANS PARISH SHERIFF'S OFFICE**

_____/s/ Blake J. Arcuri_____
BLAKE J. ARCURI (LSBN 32322)
LAURA C. RODRIGUE (LSBN 30428)
FREEMAN R. MATTHEWS (LSBN 9050)
Orleans Parish Sheriff's Office
2800 Perdido St.
New Orleans, LA 70119
Telephone: 504.493.2107; Fax: 504.202.9454
arcurib@opso.us; rodriguela@opso.us
*COUNSEL FOR DEFENDANT*
**-PUBLIC ENTITY/FEE EXEMPT-**
**(See La. R.S. 13:4521 & 13:5112)**

**CERTIFICATE OF SERVICE**

I do hereby certify that on this ___ day of _____2018, a copy of the foregoing was sent by U.S. Mail, postage prepaid.

_____/s/Blake J. Arcuri_____

---

[13] Ex. N at 8, 11.