UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| RODNEY GRANT,<br><br>               Plaintiff,<br>v.<br><br>MARLIN GUSMAN, *et al.*,<br><br>               Defendants. | )<br>)<br>)<br>)   Case No. 17-cv-2797-NJB-DMD<br>)<br>)<br>)<br>) |

**Memorandum in Support of Motion to Compel Discovery Responses
and for Attorneys Fees**

**INTRODUCTION**

Plaintiff Rodney Grant filed this lawsuit because Defendants including Marlin Gusman, Corey Amacker, and Sidney Holt ("OPSO Defendants") illegally incarcerated him for twenty-seven days after the expiration of his court-ordered sentence. Rec. Doc. 16.

Throughout discovery in this case, OPSO Defendants have consistently failed to respond to (or ask for extensions for) discovery requests within the time allotted by the Federal Rules of Civil Procedure. *See, e.g.*, Rec. Doc. 71-7 (OPSO Defendants did not timely respond to requests for admissions); Rec. Doc. 104 (motion for attorneys fees granted after OPSO Defendants did not timely respond to requests); Ex. A (OPSO did not timely respond to requests for production)

Relevant to this motion, on December 17, 2019, Plaintiff propounded a request for production on OPSO Defendants. Ex. B.

The responses were due on January 16, 2020. Once again, no responses were provided. The OPSO Defendants neither asked for an extension nor provided an estimated date of production. Accordingly, on January 17, 2020, Plaintiff's counsel sent meet and confer correspondence indicating that the responses were overdue and providing a deadline for response. Ex. C. Today, at 5:00 p.m., that deadline expired without response from OPSO

1

Defendants.

As of the filing of this motion, Defendants still have not provided the responses, asked for an extension, or given a date for production. Accordingly, Plaintiff asks that this Court compel responses and provide reasonable attorneys fees in the amount of $247.50.

## STATEMENT OF FACTS

On December 17, 2019, Plaintiff propounded a request for production on OPSO Defendants. Ex. B.

On January 16, 2020, the responses were due, but none were provided. Ex. D at ¶ 3.

On January 17, 2020, Plaintiff's counsel wrote to Defendants' counsel: "This email is to meet and confer regarding the 5th Requests for Production of documents, which are overdue. Please provide responses by close of business Tuesday, January 21, 2020, to avoid a motion to compel and request for attorneys fees." Ex. C.

Defendants' counsel did not respond. Ex. D at ¶ 5.

As of the filing of this motion, Defendants still have not provided the responses, asked for an extension, or given a date for production. *Id*. at ¶ 6.

## ANALYSIS

1. **This Court should grant the Motion to Compel because discovery responses are past due, and OPSO Defendants have not provided the responses, asked for an extension, or given a date for production.**

Per Federal Rule of Civil Procedure 37(a)(3)(B) a party may move to compel a discovery response if a party "fails to respond to an interrogatory" or "fails to produce documents… as requested under Rule 34."

Here, Plaintiff sent interrogatories and requests for production of documents to the OPSO Defendants. More than thirty-five days later, as of the filing of this motion, OPSO Defendants still have not provided the responses, asked for an extension, or given a date for production. Ex.

2

D at ¶¶ 2-8.

Therefore, Plaintiff's motion should be granted.

2. **This Court should grant the Motion to Compel because Plaintiff attempted in good faith to procure the responses without court action.**

Before seeking a motion to compel, the movant must confer in good faith with the party failing to produce discovery in an attempt to obtain the documents without court action. Fed. R. Civ. Proc. 37(a)(1).

Here, Plaintiff's counsel has attempted to obtain discovery responses via written correspondence. *See* Ex. C. Defendants never responded to Plaintiff's request for a date of production. *Id*. Nor did Defendants ask for an extension, which would have been provided. Ex. D at ¶¶ 7-8. Plaintiffs' counsel has certified that he "in good faith conferred with Defendants in an effort to obtain the requested information without court action." *Id*. at ¶ 9.

Therefore, Plaintiff's motion should be granted.

3. **If this Court grants this motion, it should grant Plaintiff his reasonable attorneys fees.**

Fed. R. Civ. Proc. 37(a)(5)(A) states that if a motion to compel is granted the "court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion . . . pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." The Court should *only* not grant such fees if (i) there was no good faith effort to obtain the information without court intervention; (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or (iii) other circumstances make an award of expenses unjust. The same is true if the "requested discovery is provided after the motion was filed." *Id.*

Here, none of the three exceptions apply. Plaintiff made a good faith effort to seek the information without court intervention, by contacting Defendants' counsel by email. *See* Exs. C.

3

Second, Defendants' have offered no justification for their failure to respond. Ex. D. And no other circumstances make an award of expenses unjust.

### 4. Plaintiff proposes attorneys fees in the amount of $247.50.

Plaintiff proposes this Court grant reasonable attorneys fees in the amount of $247.50.

Attorney William Most has been an attorney for more than eight years. Ex. E at ¶ 4. He has a 2005 A.B. from Harvard College, and a 2011 J.D. from the University of California, Berkeley, School of Law. *Id.* at ¶¶ 2, 4. The full hourly rate he has charged to clients is $325 per hour. *Id.* at ¶ 15. He has particular expertise in civil rights cases,[1] and has been asked to consult on civil rights cases by other attorneys. *Id.* at ¶ 16.

The reasonable hourly rate in the New Orleans area for an attorney of with seven or eight years of experience appears to range from $**203** to $**298**. *See EnVen Energy Ventures, LLC v. Black Elk Energy Offshore Operations, LLC*, No. 14-424, 2015 WL 3505099, at *2 (E.D. La. June 2, 2015) (awarding $275 [$298 in 2019 dollars] for an attorney with 7 years of experience); *Offshore Marine Contractors, Inc. v. Palm Energy Offshore, L.L.C.*, Civ. A. No. 10-4151, 2014 U.S. Dist. LEXIS 135253, 2014 WL 5039670 (E.D. La. Sept. 25, 2014) (awarding $275.00/hour [$298 in 2019 dollars] to attorneys with seven years of experience); *Castellanos v. Saints & Santos Construction, LLC*, 16-cv-02501, R. Doc. 197 (Lemelle, J.) (E.D. La. March 25th, 2019) ($250 for two attorney with 7 years experience); *Ferrand v. Tom Schedler*, 11-cv-00926, R. Doc. 485 (Wilkinson, J.) (E.D. La. September 20th, 2013) (awarding $200 [$220 in 2019 dollars] for eighth-year attorneys); *Drs. Le and Mui, Family Med. v. St. Paul Travelers*, Civ. A. 06-10015, 2007 WL 4547491, at *2-3 (E.D. La. Dec. 19, 2007) (Roby, J) (awarding hourly rate $175 [$217 in 2019 dollars] for an attorney with seven years of experience); *Cater v. Fidelity National*

---

[1] *E.g., Grant v. Gusman*, 17-cv-2797 (E.D. La.), *Thomas v. Gryder*, 17-cv-01595 (M.D. La), *Traweek v. DPS&C*, 19-cv-01384 (E.D. La.), *McNeal v. DPS&C*, 18-cv-00736 (M.D. La.), *Patz v. Sureway*, 17-cv-03465 (E.D. La.), *Guy v. DPS&C*, 18-cv-00223 (M.D. La.), *Peters v. Singh*, 16-cv-842 (M.D. La.), *Ford v. Shreveport*, 15-cv-00544 (W.D.

*Insurance Company*, 07-cv-04619-KDE-KWR (Roby, J.) (E.D. La. Jan. 6 2009) ($170 [$203 in 2019 dollars] for attorney with 8 years of experience). *See also Johnson v. Big Lots Stores, Inc.*, 639 F. Supp. 2d 696, 701-702 (E.D. La. June 25, 2009) ("The Court is familiar with the local legal market and finds that the $300 per hour rates [$358 in 2019 dollars] are within the customary range for partner-level attorneys practicing employment law in the area.")

Accordingly, because Mr. Most has eight and a half years' experience, Plaintiff proposes an hourly rate of $**275** – somewhat above the midpoint of the range that covers attorneys with both seven and eight years' experience.

Other sources of evidence support the reasonableness of this rate:

- Professor Quigley describes Mr. Most as a "highly accomplished, highly respected attorney" with a "top quality reputation[]." *Cortez v. Pitre*, E.D. La. 18-cv-08971-GGG-KWR, Rec. Doc. 68-5 at ¶¶ 10, 12. He opines that "a rate of $275.00 per hour is reasonable for attorney William Most." *Id.*

- Mary Howell opines that $275 per hour for Mr. Most is "within the range of what would be considered to be reasonable market rates for attorneys practicing in the New Orleans market with comparable experience, skill and ability." *Cortez, supra*, Rec. Doc. 68-9 at ¶ 8. She testifies that she has found Mr. Most to be "smart, knowledgeable, energetic and dedicated." *Id.* at ¶ 7.

- Professor Luz Molina opines that "a rate of $275.00 per hour is reasonable for attorney William Most." *Cortez, supra*, Rec. Doc. 68-6 at ¶ 7.

- Katie Schwartzmann, Legal Director of the ACLU of Louisiana, opines that "a rate of $275.00 per hour is reasonable for attorney William Most." *Cortez, supra*, Rec. Doc. 68-10 at ¶ 8.

- Kerry Murphy, a founding partner of Lasky Murphy LLC, opines that "a rate of $300.00 per hour is reasonable for attorney William Most." *Cortez, supra,* Rec. Doc. 68-3 at ¶ 11.

- Casey Denson, founder of Casey Denson Law, LLC, opines that "a rate of $275.00 per hour is reasonable for attorney William Most." *Cortez, supra*, Rec. Doc. 68-4 at ¶ 14. Ms. Denson is an attorney with nine years of experience, and charges an hourly rate of $350 per hour. *Id.* at ¶ 11.

---

La.), *Crawford v. Uber*, 17-cv-02664 (N.D. Cal.), *Namisnak v. Uber*, 17-cv-06124 (N.D. Cal.), *McClanahan v. Wilson*, 17-cv-01720 (M.D. La.), *etc*.

- Jacob Weixler, an attorney at Schonekas Evans McGoey & McEachin L.L.C., opines that "a rate of $275.00 per hour is reasonable" for an attorney of Mr. Most's skill and experience. *Cortez, supra*, Rec. Doc. 68-7 at ¶ 9. Mr. Weixler describes Mr. Most as a "well-known and skilled civil litigator, particularly in the civil rights litigation community." *Id.* at ¶ 8.

- John Adcock, owner of the Law Office of John N. Adcock, opines that "a rate of $275.00 per hour is reasonable for attorney William Most." *Cortez, supra*, Rec. Doc. 68-8 at ¶ 11.

- In 2018, William Most was awarded fees by the Middle District of Louisiana with no reduction at a requested compromise rate of $250 per hour. *Peters v. Singh*, 16-cv-842, R. Doc. 68 (M.D. La. June 5, 2018).

For these reasons, $275 per hour falls within the range of prevailing market rates for attorneys of reasonably comparable skills, experience, and reputation as Mr. Most. Multiplied by the .9 hours Mr. Most spent on this motion (Ex. E at ¶ 19), that comes to $247.50.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests that this Court grant the motion to compel and grant reasonable attorneys fees in the amount of **$247.50** (assuming no reply or oral argument is required).

Respectfully submitted,

/s/ William Most_____
WILLIAM MOST, La. Bar No. 36914
201 St. Charles Ave., Ste. 114, # 101
New Orleans, LA 70170
T: (504) 509-5023
Email: williammost@gmail.com