UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RODNEY GRANT** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 2:17-cv-2797** |
| **MARLIN GUSMAN, CARMEN DESADIER, SIDNEY HOLT,** | * | **SECTION: "G" (3)** |
| **DJUANA BIERRIA, JAMES LEBLANC, TIMOTHY HOOPER,** | * | **JUDGE BROWN** |
| **CHRIS STINSON, LASALLE MANAGEMENT COMPANY, JOHN** | * | **MAG. JUDGE KNOWLES, III** |
| **DOES 1-10, and ABC INSURANCE COMPANIES 1-10** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*      \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**DEFENDANTS RESPONSES TO
PLAINTIFF'S FOURTH REQUESTS FOR PRODUCTION OF DOCUMENTS TO DOC**

**NOW**, through undersigned Assistant Attorney General, come Defendants, Secretary James LeBlanc and Warden Timothy Hooper, who answers Plaintiff's Fourth Request for Production to Defendant, as follows:

**DOCUMENT REQUESTS**

**DOCUMENT REQUEST NO. 36:**

All data for all DOC inmates who meet the criteria for inclusion in the February 2019 Pull Document, but for all other months from January 2012 to the present.

**RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendants object to this Request for Production on the following grounds:

**Vagueness**[1] **–** Please define:

---

[1] Because of the vagueness of the terms used in this request, it is not possible at this time for the defendants to accurately determine whether or not they are in possession of any materials responsive to this request.

1

- "All data" – Specifically, the precise types of data referred to by this Request for Production.
- "criteria" – Specifically, please define the specific criteria applicable in this Request for Production.

**Failure to Comply with FRCP 34 –** FRCP34(b)(1)(A) requires a party requesting electronic information to "describe with reasonable particularity each item or category of items to be inspected; (B) must specify a reasonable time, place, and manner for the inspection and for performing the related acts; and (C) may specify the form or forms in which electronically stored information is to be produced." This request does not comport with subsections (A), (B), or (C) by failing to state with any particularity the precise pieces of data requested, any recommendation for inspection, or state the form or forms in which this data is to be produced.

**Relevance & Overly Broad –** Defendants object to the scope of this request, and the degree to which any alleged data for the broad period of "January 2012 to the present" is relevant to these proceedings. To the extent that this request is overly broad, Defendants object insofar as it appears to cast an unnecessarily wide net for alleged data that is not reasonably calculated to lead to the discovery of admissible evidence. "All data" as yet undefined, is a potentially colossal term that requires further definition and is far from being sufficiently narrowly tailored such that defendants could provide a reasonable and substantive response. This appears especially salient when considering that the period of incarceration at issue in this suit did not begin until late 2016.

**Undue Burden –** FRCP 26(b)(2)(B) states that "a party need not provide discovery of electronically stored information from sources that the party identifies as not reasonably accessible because of undue burden or cost." This request asks for "all inmates" who meet the "criteria" for inclusion in a "pull document"[2] from January 2012 to the present. Without narrowly tailoring this request, Plaintiff demands a vast amount of highly specific data that is difficult to easily retrieve and store for a large selection of the entire inmate population of the Louisiana Department of Corrections. Obtaining all of the information requested would require a burdensome allocation of manpower, hours of labor, and technical skill that would impose significant financial and time requirements upon the defendants.

In order to resolve the burdensome aspect of this request, the Defendants respectfully request that this Request for Production be narrowly tailored to discovery of relevant information. Specifically, information (rather than, "all data") regarding particular offenders or groups of offenders.

**Qualified Immunity –** While the Defendants concede that the Court has ruled that the plaintiff was able to meet his burden for alleging specific facts to overcome the defense of Qualified Immunity *at the Motion to Dismiss stage* of this litigation, defendants assert that such a ruling does not permit the plaintiff to subject the public official defendants to broad reaching discovery. When

---

[2] Defendants concede that the term "pull document" has become commonly used jargon within this suit for the February 2019 document previously disclosed to Plaintiff. Nevertheless, Defendants deny any other implications/descriptions that might be drawn from this particular usage of words used to denote a specific and irregular document generated within the DOC.

the defense of Qualified Immunity has been raised, discovery must be narrowly tailored. Specifically, public officials are protected by Qualified Immunity from discovery that is avoidable or overly broad. This Request for Production is both avoidable and overly broad for the reasons stated in the objections above.

**DOCUMENT REQUEST NO. 37:**

All "pull documents" described in Phyllis Glazer's email of Dec. 20, 2019.

**RESPONSE TO DOCUMENT REQUEST NO. 37:**

All documents pertinent to this request have been produced.

*Defendants reserve the right to supplement these discovery responses, as discovery is ongoing.*

Respectfully submitted,

**JEFF LANDRY**
**ATTORNEY GENERAL**

BY:   */s/ Jeffery A. "Beau" Wheeler, II*
Jeffery A. "Beau" Wheeler (#37546)
Assistant Attorney General
Louisiana Department of Justice
Litigation Division, Civil Rights Section
1450 Poydras Street, Suite 900
New Orleans, LA 70112
Telephone: (504) 599-1200
Facsimile: (504) 599-1212
E-mail: WheelerJ@ag.louisiana.gov
*Attorney for Defendants*

**CERTIFICATE OF SERVICE**

**I HEREBY CERTIFY** that on the 22nd day of January 2020, the foregoing was sent to all parties by electronic mail.

*/s/ Jeffery A. "Beau" Wheeler, II*
Jeffery A. "Beau" Wheeler, II (#37546)
Assistant Attorney General