UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RODNEY GRANT** | : | CIVIL ACTION |
| | : | NO. 2:17-CV-2797 |
| **VERSUS** | : | SECTION: "G" (3) |
| | : | |
| **MARLIN GUSMAN, ET AL.** | : | JUDGE NANNETTE J. BROWN |
| | | MAG. JUDGE DANA DOUGLAS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## AFFIDAVIT

**STATE OF LOUISIANA**

**PARISH OF EAST BATON ROUGE**

**BEFORE ME**, the undersigned notary, duly authorized in the State and Parish aforesaid, personally came and appeared:

### ANGELA GRIFFIN

Who, based upon her personal knowledge, did depose and say that the following.

1. I am employed with the Louisiana Department of Public Safety and Corrections (hereinafter "DPSC") as an Administrative Program Director in the Adult Services Department of DPSC.

2. In my capacity as the Administrative Program Director, I have access to the time computation records pertaining to all offenders sentenced to serve a DPSC sentence.

3. I have personally reviewed the time computation records maintained in the regular course of business of DPSC and attest that the following records, which are attached to this Affidavit, are true and correct copies of time computation records maintained by DPSC:

    a. Exhibits C, D, E, and F: Records contained with Rodney Grant's DOC file.
    b. Exhibit I.

4. Generally, DPSC is obligated to ensure that criminal sentences are carried out in accordance with the law of the State of Louisiana.

5. DPSC has no responsibility to an offender unless and until he is convicted of a felony and sentenced to hard labor.

6. Once an offender is sentenced on a felony conviction, DPSC is responsible for ensuring that said offender serves the sentence imposed upon them by the Court, as well as timely released after completion of said sentence.

7. Not every offender who is sentenced to a DPSC sentence is transferred to the physical custody of DPSC.

8. In my capacity as an Administrative Program Director in Adult Services, I am charged with overseeing the Pre-Classification of offenders who are serving DPSC sentences and are in the physical custody of local jails throughout the State of Louisiana and out of state.

9. I have been an Administrative Program Director overseeing the Pre-Classification of such offenders since January, 2013.

10. Timothy Hooper is currently the Warden of Elayn Hunt Correctional Center, St. Gabriel, Louisiana.

11. Pre-Classification is the process by which DPSC identifies offenders who have been sentenced to DPSC custody and determines the logistics of their sentences. Pre-Classification includes time computation, awards of credits, qualifications for parole, and other matters affecting the length of an offender's time in DPSC custody.

12. The Pre-Classification process includes, but is not limited to: verification of the offender's identity, review and collection of conviction and sentencing information, time computation of release dates and parole eligibility dates in compliance with applicable sentencing laws, clearance of each offenders' records prior to their release, and the creation of offenders' release certificates for transmission to their holding facilities.

13. Louisiana Code of Criminal Procedure Article 892 lists the documentation and information that must be transmitted by the Parish Sheriff to DPSC.

14. Offenders remain in the custody of the local sheriff of the Parish of conviction until DPSC receives the information listed in Article 892 and additional information required by DSPC.

15. The information that DPSC receives from the local sheriff of the Parish of conviction is referred to as a "Pre-Class Packet," and must include:
    - "Basic Information and Interview for Local Jail Facilities Form,"
    - "Credit for DPSC Commitment Form",
    - "Bill of Information",
    - "Uniform Commitment Order with Judges Signature",
    - "Suspect Rap Sheet with photo from the Automated Fingerprinting Identification System", and
    - "DPSC Acknowledgements and Signature Statement signed by the inmate."

16. DSPC does not assume custody of an offender unless and until the Pre-Class Packet is completed, delivered to DPSC, and processed.

17. When DSPC receives a Pre-Class Packet, the first page of the packet is either stamped or signed with the date it was received. Then, the documents contained within the packet are scanned into Oracle, an electronic filing system, and saved by the offender's DOC Number if he has one, if not, he is assigned a DOC Number.

18. Once DPSC receives the Pre-Class packet from the parish jail, DPSC personnel verifies all paperwork included is for the same person, confirms the sentence on the Uniform Commitment Order is a hard labor sentence to be served in the custody of DPSC, print criminal history from NCIC and verifies that the offender's tracking number, from the NCIC fingerprinting paperwork and criminal history, coincides with the disposition for the conviction on the Uniform Commitment Order.

19. If any required documents are missing from the Pre-Class Packet, or if any of the required documents are not completely filled-out and executed, custody of the offender will remain with the local sheriff and the missing or incomplete documents are requested from the local sheriff.

20. Additionally Pre-Class Personnel must update the Criminal and Justice Unified Network [CAJUN] using an offender's previously assigned DPSC number or new DPSC number, with the information obtained or learned from the Pre-Class Packet.

21. After the necessary information is located in or entered into CAJUN, DPSC personnel completes the offender's time computation, which requires reviewing: any and all jail credit that is applicable for each sentence (found on the Credit for DOC Commitment Form received from the jail); the crime convicted of (found on the Uniform Commitment Order), the date the crime was committed (found on the Bill of Information), the sentence date (the date the offender was given an imposed sentence to DPSC (found on the Uniform Commitment Order); the sentence start date (if deferred sentence, the date the Uniform Commitment Order gives to report to jail and the date the offender was remanded as listed on the Credit for DOC Commitment Form from the jail); the sentence length for each charge (the amount of time listed on the Uniform Commitment Order to serve in the custody of DPSC on a new commitment); offender class for the charge related to number of felony convictions(calculated by using the information on the CAJUN system and the Criminal History Reports; and Good time rate and parole eligibility for each charge (determined by the commitment date and the type of crime).

22. DPSC personnel also consider whether the offender has any time to serve on other sentences based on the information obtained from their criminal history and dispositions.

23. Depending on the release date of the offender, either immediately or, for offenders who are in DOC custody for long-terms, 45 days prior to his release, DPSC personnel are required to complete a release clearing checklist on each offender, in order for said offender to be released from custody after serving their time.

24. The release clearing checklist is to assure that all processes have been followed and to confirm that an offender should be released.

25. DPSC personnel obtains the offender's criminal history reports (State Police criminal history, FBI criminal history and any out of state criminal history) to determine whether the offender has any warrants, charges without dispositions, and any Louisiana or out-of-state proceedings in which the offender may need to serve time. For every arrest or charge without a recorded disposition, DPSC personnel must contact the arresting agency, clerk of court, or prosecuting agency, to determine the disposition of each charge.

26. If it is determined that an offender is entitled to release, the proper release certificate and form letter will be transmitted by email or fax to the supervising Probation and Parole district, or to the local facility where the offender is being held. The DPSC personnel transmitting the release paperwork confirm the release paperwork was received by either the supervising Probation and Parole district or by the facility where the offender is located.

27. In my capacity as an Administrative Program Director in Adult Services, based on my personal knowledge, experience and review of records in my custody and control, I have determined the following regarding Plaintiff Rodney Grant. (DOC # 116702).

28. Rodney Grant was, at the time of his 2016 arrest and sentencing, a parolee.

29. Rodney Grant had been convicted of four counts of simple burglary, one count of unauthorized entry of an inhabited dwelling and sentenced to serve 15 years at hard labor.

30. Grant served six year and seven months of the 15 year sentence and was released from physical custody onto parole supervision.

31. On June 30, 2016, Rodney Grant was sentenced to serve one year Hard Labor with credit for time served for the offense of Simple Burglary of an Inhabited Dwelling. Exhibit D, p. 6.

32. State law requires that parole be revoked and the offender returned to physical custody to serve the remaining term of his sentence if the offender commits another felony while on parole supervision.

33. Because he was on parole at the time of his 2016 conviction, DPSC was required by state law to determine if he was a parole violator who was required to serve the remaining eight and five months of the prior 15 year sentence.

34. In other words, if Grant had violated his parole, he would not have been entitled to release until for another two years, six months, and ten days.

35. DPSC needed the Bill of Information to confirm the date of the offense for which Grant was convicted in 2016 in order to determine whether he was a parole violator.

36. DPSC received some of Grant's Pre-Class paperwork from the Orleans Parish Sheriff's Office on July 7, 2016. Exhibit D, p. 2.

37. The paperwork from OPSO did <u>not</u> include the Bill of Information as required by state law and as needed by DPSC to determine the date of the offense.

38. On July 26, 2016, Judge Buras facilitated the provision of Grant's Bill of Information by the Clerk of Court. Exhibit I and Exhibit A(2).

39. On July 26, 2016, Angela Smith computed the time calculation for Rodney Grant. On July 26, 2016 Kelly Leibert began clearing the case for release and on July 27, 2016 issued a release certificate. On that date, the diminution of sentence certificate was electronically transmitted to the LaSalle Correctional Center for an immediate release. Exhibit A(2).

40. Rodney Grant could not be cleared for release until the Bill of Information was provided to DPSC, which it was on July 26, 2016.

41. I was not personally involved with Grant's time computation or in the processing of his release paperwork.

42. In 2017, DPSC filed a grant application in order to obtain funds to update its software in order speed up the rate at which offender paperwork could be processed for their release.

43. Over the course of 2017 through 2020, DPSC has held numerous internal meetings, as well as meetings with the Sheriff's Association and the Louisiana Clerks of Court Association in order to discuss solutions to increasing the speed with which offender paperwork could be processed for their release.

44. On December 12, 2019, DPSC appeared before the Louisiana Legislature for the purpose of procuring funding from the State of Louisiana to develop a web portal that would all DPSC, the Sheriff's Offices, and the Clerks of Court to efficiently upload and share paperwork necessary for inmates to be quickly processed and released.

45. The foregoing statement is true and correct to the best of my personal knowledge, and based on my experience and personal review of documents and records in my possession, custody, and control.

_____
ANGELA GRIFFIN

SWORN TO AND SUBSCRIBED before me, NOTARY PUBLIC, this 18th day of December, 2019.

_____
JONATHAN VINING (La. Bar No. #30781)
My Commission is for Life

JONATHAN R. VINING
NOTARY PUBLIC
State of Louisiana
LA Bar #30781
My Commission Expires at Death