UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RODNEY GRANT** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NUMBER: 2:17-cv-2797** |
| **MARLIN GUSMAN, CARMEN DESADIER, SIDNEY HOLT,** | * | **SECTION: "G" (3)** |
| **DJUANA BIERRIA, JAMES LEBLANC, TIMOTHY HOOPER,** | * | **JUDGE BROWN** |
| **CHRIS STINSON, LASALLE MANAGEMENT COMPANY, JOHN** | * | **MAG. JUDGE KNOWLES, III** |
| **DOES 1-10, and ABC INSURANCE COMPANIES 1-10** | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*        \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

**AFFIDAVIT**

**Angela Smith**

1. I currently serve as a Corrections Manager for the Department of Corrections in Baton Rouge, LA, where I have worked since September 2014.

2. My responsibilities include management of offender time computation.

3. To calculate an inmate's sentence, the Department requires a number of documents, including the Uniform Commitment Order and Bill of Information.

4. An offender's parole status cannot be confirmed without a Bill of Information because it is the document that contains the offense date.

5. I have reviewed the documents used to calculate Mr. Rodney Grant's sentence, including his Uniform Commitment Order and Bill of Information.

6. I have also reviewed the email correspondence between DOC employees and Probation and Parole and Judge Buras regarding Mr. Grant's sentence.

7. In calculating Mr. Rodney Grant's sentence, DOC began the day after his initial packet

1

was received on July 8, 2016. Based on the contents of his packet, a "parole hold" was in place, meaning that it had to be determined if the new offense violated standing parole.

8. To determine whether an offender has violated parole, DOC must have a Bill of Information for the new sentence.

9. When DOC calculated Mr. Grant's sentence, however, DOC still had not received the necessary Bill of Information from the clerk of court, who is responsible for sending the Bill of Information.

10. I corresponded with Judge Buras on July 25, 2016, responding to her question about Mr. Grant's release. I explained that because DOC had not received a Bill of Information from the clerk of court, "there was nothing to indicate that this was an older case" on the certified record.

11. In that correspondence, I asked Judge Buras to send the Bill of Information so DOC didn't have to wait for the clerk to send it. The clerk of court for Orleans Parish sometimes takes much longer to send documentation and I hoped Judge Buras might speed up the process and allow us to complete Mr. Grant's sentence calculation as quickly as possible.

12. Judge Buras sent me the Bill of Information the very next day, July 26, 2016.

13. When I receive faxes, I date and initial the faxes. I did so on Judge Buras' fax, indicating that DOC received Mr. Grant's Bill of Information that day from Judge Buras

14. With his Bill of Information, DOC had official court documentation that the underlying crime for his new sentence predated the crime for which he served from 2008 to 2015.

15. Based on the date of the crime, as confirmed in the Bill of Information, we determined that his new sentence did not revoke his supervision.

16. Mr. Grant was released the very next day.

_____
**ANGELA SMITH**

**SWORN TO AND SUBSCRIBED** before me this 27 day of November 2018, in Baton Rouge, Louisiana.

_____
**NOTARY PUBLIC**

JONATHAN R. VINING
NOTARY PUBLIC
State of Louisiana
LA Bar #30781
My Commission Expires at Death

_____
**WITNESS**

_____
**WITNESS**

3