UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RODNEY GRANT** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NUMBER: 17-02797** |
| | * | |
| **MARLIN GUSMAN** | * | **SECTION "G"** |
| **CARMEN DESADIER** | * | **JUDGE JOLIVETTE BROWN** |
| **SIDNEY HOLT** | * | |
| **DJUANA BIERRIA** | * | **MAGISTRATE "3"** |
| **JAMES LEBLANC** | * | **JUDGE DOUGLAS** |
| **TIMOTHY HOOPER** | * | |
| **CHRIS STINSON** | * | |
| **LASALLE MANAGEMENT COMPANY** | * | |
| **JOHN DOES 1-10** | * | |
| **ABC INSURANCE COMPANIES 1-10** | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## DEFENDANTS' RESPONSE TO PLAINTIFF'S UNDISPUTED FACTS IN SUPPORT OF MSJ

NOW INTO COURT, through undersigned counsel, come defendants herein, Sheriff Marlin N. Gusman, Major Sidney Holt, and Deputy Corey Amacker who in accordance with Local Rule 56.2, submit this statement in which they contest or dispute the facts alleged by plaintiff to be undisputed in his Motion for Summary Judgment.

1. **"Inmates have a right to be released after their sentence is complete."**

   Constested as not being fact, but a conclusion of law. Further contested as to it being a material fact, as plaintiff's sentence was never complete. Only material facts are allowed to be listed per Local Rule 56.1.

2. **"Rodney Grant was sentenced on June 30, 2016 to one year with credit for time served from 9-14-08 to 2015. "**

1

Contested as not being material, as the referenced sentence is vacated[1] and is an absolute nullity as if it never occurred.[2] Only material facts are allowed to be listed per Local Rule 56.1.

3. **On June 30, 2016, Judge Buras asked the Sheriff's attorney, Blake Arcuri, to expedite DOC processing relative to Rodney Grant.**

   Uncontested.

4. **On June 30, 2016, OPSO Defendants received an email that said that Rodney Grant "really shouldn't have to actually serve any time once DOC processes it."**

   Uncontested factually, but contested as to it being a material fact. Plaintiff quotes an opinion of an attorney based upon representations made not by Judge Buras, but by Mr. Grant's defense counsel from the Orleans Public Defender.[3] Only material facts are allowed to be listed per Local Rule 56.1.

5. **OPSO drove Rodney Grant's paperwork to the DOC on July 7, 2016.**

   Uncontested factually, but contested as to it being material, as the referenced paperwork is relative to a sentence which is sentence is vacated[4] and is an absolute nullity as if it never occurred. Only material facts are allowed per Local Rule 56.1.

---

[1] See Exhibit 136-6, Docket Master showing vacated sentence.
[2] *U.S. v. Castrelllon*, 956 F.2d 1165 (7th Cir. 1982)(citing *United States v. Barnes*, 948 F.2d 325, 330 (7th Cir.1991). "A sentencing court, therefore, must begin the resentencing hearing with a 'clean slate. . .'" *Id.* Whether parties raised issues during the hearing on the original, now vacated, sentence is irrelevant. *Id.*, citing *United States v. Shaw*, 883 F.2d 10, 12 (5th Cir.), *cert. denied, sub nom. Baker v. United States,* 493 U.S. 983 (1989).
[3] R. Doc. 136-11.
[4] See Exhibit 136-6, Docket Master showing vacated sentence.

Respectfully submitted,

**ORLEANS PARISH SHERIFF'S OFFICE**

*/s/Laura Cannizzaro Rodrigue*
Blake J. Arcuri (LSBN 32322)
Freeman R. Matthews (LSBN 9050)
2800 Perdido St.
New Orleans, LA 70119
Telephone: 504.202.9404; Fax: 504.202.9454
arcurib@opso.us ; rodriguela@opso.us
*Counsel for Sheriff Gusman,*
*Major Holt, & Dep. Amacker*

## **CERTIFICATE**

I hereby certify that on the 21st day of February, 2020 I have caused the foregoing to be served upon all counsel of record via the Court's CM/ECF system.

*/s/Laura Cannizzaro Rodrigue*
Laura C. Rodrigue