UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RODNEY GRANT** | : | **CIVIL ACTION** |
| | : | **NO. 2:17-CV-2797 "G" (3)** |
| **VERSUS** | | |
| | : | **CHIEF JUDGE BROWN** |
| **MARLIN GUSMAN, ET AL.** | : | **MAG. JUDGE DOUGLAS** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>**SECRETARY LEBLANC'S STATEMENT OF CONTESTED AND UNCONTESTED FACTS**</u>

**NOW INTO COURT**, through undersigned counsel, comes Secretary James LeBlanc submitting the Instant Statement of Contested and Uncontested Facts in connection with his Memorandum in Opposition to Plaintiff's Motion for Summary Judgment, pursuant to Fed. R. Civ. P. 56, and Local Rule 56.1.

**I.    Response to Plaintiff's Statement of Uncontested Facts**

1. **In 2012, the DOC's [Lean] Six Sigma investigation found an average of 2,252 cases of immediate release per year with an average of 71.7 overdue days per case. This is inmates being held past their legal release date. Rec. Doc. 129-2, ¶1.**

    *Undisputed.*

2. **The 2012 [Lean] Six Sigma project found an average time from conviction to completion of time calculation of 110 days.  Rec. Doc. 129-2, ¶2.**

    *Undisputed.*

3. **In 2012, Secretary LeBlanc learned that thousands of people in the custody of the Department of Corrections were being held past their release date.  Rec. Doc. 129-2, Third Row (unnumbered).**

    *Undisputed.*

4. **The DOC found that in 2017 it had an average of 200 inmates per month held an average of 49 days past the end of their sentence.  Rec. Doc. 129-2, ¶3.**

    *Undisputed.*

1

5. **Prior to 2017, there was no formal training program for time computation.**

    **Disputed.**
    a. DPSC provided practical training to new time computation employees.[1] … Further,
    b. DPSC provided training booklets to new employees.[2]
    c. All time computation employees, including new employees in training, utilized standardized paperwork.[3]
    d. DPSC personnel are trained to perform time computations.[4]

6. **Rodney Grant was incarcerated from 2008 to 2015.  Rec. Doc. 129-2, ¶5.**

    *Undisputed.*

7. **On June 30, 2016, Judge Camille Buras sentenced Rodney Grant to one year at the Department of Corrections, with "credit for time served from 9-14-08 to 2015." Rec. Doc. 129-2, ¶6.**

    *Undisputed.*

8. **On July 7, 2016, the DOC received paperwork regarding Rodney Grant, including his sentence.  Rec. Doc. 129-2, ¶7.**

    *Undisputed.*

9. **On July 8, 2016, the DOC was told by Probation & Parole that Rodney Grant's conviction was "not a violation of the subject's current term of supervision." Rec. Doc. 129-2, ¶8.**

    *Undisputed.*

10. **On July 12, 2016, the DOC took custody of Rodney Grant from OPSO. Rec. Doc. 129-2, ¶9.**

    *Undisputed.*

11. **On July 18, 2016, Judge Buras vacated Rodney Grant's previous sentence and resentenced him to "credit for time served." Rec. Doc. 129-2, ¶10.**

---

[1] Rec. Doc. 129-13, Plaintiff's Exhibit J at p. 21 lines 5-9. DPSC explained the training program for new time computation employees was: "We worked with them as we hired them and worked with them and just kept them and verified paperwork until they learned one process and moved them to the next process to learn."
[2] *Id.* at p.21 lines 18-25 and p. 22 at lines 1-2.
[3] *Id.*
[4] *Id.* at line 6-19.

*Undisputed.*

**12. On July 26, 2016, the DOC did Rodney Grant's time computation. Rec. Doc. 129-2, ¶11.**

*Undisputed.*

**13. Rodney Grant was released from custody on July 27, 2016. Rec. Doc. 129-2, ¶12.**

*Undisputed.*

**14. Rodney Grant's jail credit was thousands of days longer than his sentence. Rec. Doc. 129-2, ¶13.**

**Disputed.**

    a. The sentence for Rodney Grant handed down by Judge Buras on June 30, 2016 was an illegal sentence in accordance with Louisiana law.[5]
    b. Judge Buras gave the Plaintiff credit for time served on a different charge, one that was committed years after the crime before her.[6]
    c. On the charge that was actually before Judge Buras, the Plaintiff was arrested on June 27, 2016.[7]
    d. Plaintiff pled guilty to that charge, and was sentenced on June 30, 2016.[8]
    e. The Plaintiff alleges he, additionally, spent 61 days in jail awaiting trial on that felony between July 2 and September 3, 2000.[9]
    f. Therefore, the Plaintiff was legally entitled to receive up to 64 days of jail credit.[10]
    g. On the initial sentence of one year at hard labor with credit for time served, had Judge Buras followed the plain language of Louisiana law, the Plaintiff should have been incarcerated for an additional 301 days.[11]
    h. Plaintiff was only incarcerated for 27 days.[12]
    i. Judge Buras awarded the Plaintiff jail credit for years he spent in jail on another charge.[13]
    j. As a result, the Plaintiff received credit for thousands of days more than the 64 days he actually spent in jail serving time on the home invasion for which he had been convicted in 2016.[14]

---

[5] La. C.C.Pr. 880.
[6] Rec. Doc. 129-21 at p.10 lines 21-30.
[7] Rec. Doc. 48, ¶13.
[8] See Plaintiff's Uncontested Fact No. 6.
[9] Rec. Doc. 48, ¶8.
[10] This number was reaching by adding the 61 days in jail Plaintiff waited for trial between July 2 and September 3, 2000, as well as the three days he spent waiting for a hearing from June 27, 2016 to June 30, 2016.
[11] La. C.C.Pr. 880.
[12] See Plaintiff's Uncontested Fact No. 6 and 12.
[13] Rec. Doc. 129-21 at p.10 lines 21-30.
[14] *Id.*

3

  k. Plaintiff <u>did not</u> spend thousands of extra days incarcerated on a charge for which he was given a sentence of one year, with credit for time served.[15]

## II. Defendants' Statement of Facts

1. Plaintiff was arrested, convicted, and sentenced for burglary in 2008 for four counts of simple burglary, one count of unauthorized entry of an inhabited dwelling and sentenced to serve 15 years at hard labor.[16]

2. Plaintiff was released on parole on June 25, 2015 on good-time parole.[17]

3. When a person is convicted of a felony committed while on parole his parole shall be deemed revoked.[18]

4. Rodney Grant was arrested on June 18, 2016 for a felony.[19]

5. On June 30, 2016, Plaintiff pled guilty and was convicted of simple burglary of an inhabited dwelling and sentenced to one year hard labor at the Department of Corrections.[20]

6. DPSC could not clear him for release until it determined whether he committed the felony for which he was convicted on June 30, 2016 while on parole.[21]

7. In order to determine the date of the offense for which Rodney Grant was convicted on June 30, 2016, DPSC required Rodney Grant's Bill of Information.[22]

8. Louisiana law requires the Sheriff to provide DPSC with the Bill of Information.[23]

---

[15] *Id. and* Plaintiff's Uncontested Fact No. 12.
[16] Exhibit B(2): Deposition of Rodney Grant, p. 9-10.
[17] Exhibit A(1) – Affidavit of Angela Griffin.
[18] LA. R.S. 15:574.10
[19] Rec. Doc. 48.
[20] Exhibit A(1) – Affidavit of Angela Griffin.
[21] Exhibit A(1) – Affidavit of Angela Griffin & LA. R.S. 15:574.10.
[22] Exhibit A(1) – Affidavit of Angela Griffin. & Exhibit B(4) lines 9-12.
[23] La. C.C.Pr. 892 & La. R.S. 15:566 & Exhibit A(1) – Affidavit of Angela Griffin.

9. The Orleans Parish Sheriff transferred Rodney Grant to a DPSC facility on July 12, 2016. On that date, an incomplete pre-classification packet was provided to DPSC.[24]

10. The pre-classification packet did not include the Bill of Information as required by to Louisiana law.[25]

11. DPSC took steps to obtain the Bill of Information, which they ultimately received from the Clerk of Orleans Parish on July 26, 2016.[26]

12. Plaintiff was released from prison still on parole from the first conviction on July 27, 2016.[27]

13. From the date of conviction and sentence on June 30, 2016 until July 12, 2016 when he was transferred from Orleans Parish Detention Center to DPSC Rodney Grant was not in DPSC's custody or control.[28]

14. DPSC had legal authority to detain Rodney Grant, a potential parole violator, from July 12, 2016 until July 27, 2016 when Rodney Grant was released.[29]

**WHEREFORE**, Secretary James LeBlanc prays that the foregoing be deemed sufficient and that Plaintiff's Motion for Summary Judgment be denied.

>                    Respectfully submitted,
>
>                    **JEFF LANDRY**
>                    **ATTORNEY GENERAL**
>
>           BY:      */s/ Jeffery A. "Beau" Wheeler, II*
>                    Jeffery A. "Beau" Wheeler, II (Bar Roll #37546)
>                    Assistant Attorney General
>                    Louisiana Department of Justice

---

[24] Exhibit B(4) p. 73 lines 11-25.
[25] Exhibit B(4) p. 45 lines 9-15.
[26] Exhibit B(4) p. 73 lines 1-19, p. 75 lines 11-17, and p. 80 lines 20-25.
[27] Exhibit A(1) – Affidavit of Angela Griffin.
[28] Rec. Doc. 67, p. 18 footnote 116 citing Rec. Doc. 48 at pgs. 3-4. – Wherein the Court found that Plaintiff resided in the custody of OPSO prior to his transfer to DPSC on July 12, 2016.
[29] La. C.C.Pr. 892.

Litigation Division, Civil Rights Section
1450 Poydras Street, Suite 900
New Orleans, Louisiana 70112
Telephone: (504) 599-1200
Facsimile: (504) 599-1212
E-mail: WheelerJ@ag.louisiana.gov