UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **RODNEY GRANT** | **CIVIL ACTION** |
| **VERSUS** | **CASE NO. 17-2797** |
| **MARLIN GUSMAN, et al.** | **SECTION: G/3** |

### SCHEDULING ORDER

A Scheduling Conference was held on March 31, 2020 by telephone before the Case Manager.

Participating were:

William B. Most of Law Office of William Most, Counsel for the Plaintiff;

Blake J. Arcuri of the Orleans Parish Criminal Sheriff's Office, Counsel for Defendants Marlin Gusman, Sidney Holt and Corey Amacker;

Jeffrey A. Wheeler and Phyllis E. Glazer of the Louisiana Department of Justice, Counsel for Defendants James LeBlanc and Timothy Hooper.

Pleadings have been completed. Jurisdiction and venue are established.

All non-evidentiary pretrial motions shall be filed and served in sufficient time to permit hearing thereon no later than **DEADLINE HAS PASSED**. This Section adheres to Local Rule 78.1 regarding oral argument on motions. **Deposition transcripts submitted in support of motions are to be in an uncompressed format, specifically, double spaced lines on single sided pages.**

Motions for summary judgment and oppositions to motions for summary judgment shall be filed in compliance with Local Rules 56.1 and 56.2, requiring parties to file a short and concise

statement of material facts as to whether there does or does not exist a genuine issue to be tried. Additionally, each party shall make specific reference to record evidence supporting its statement of material facts. Citations to record evidence shall indicate, whenever applicable, an extra exhibit reference, page reference and record document number reference. Record evidence not specifically referred to by the parties may not be considered by the Court.

Motions regarding the admissibility of expert testimony (*Daubert* motions) shall be filed and served in sufficient time to permit hearing thereon no later than **DEADLINE HAS PASSED**.

All other motions *in limine* and trial memoranda shall be filed seven working days before trial and responses thereto shall be filed two working days before trial.

All contested motions are set for submission on a hearing date. If oral argument is requested, the appropriate motion must be filed. Motions filed in violation of this order will not be considered unless good cause is shown.

In addition, the Court reiterates that Local Rule 7.4 requires leave of court to file a reply to a respondent's opposition and Local Rule 7.7 sets page limitations.

**Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) have been completed.**

Amendments to pleadings, third-party actions, cross claims, and counterclaims shall be filed no later than **DEADLINE HAS PASSED**, in accordance with the Federal Rules of Civil Procedure and Local Rule 7.6.

Counsel adding new parties subsequent to mailing of this notice shall serve on each new party a copy of this order. Pleadings responsive thereto, when required, shall be filed within the applicable delays therefor.

No later than forty-five (45) days after the scheduling conference, the parties shall submit a joint status report to the Court. The status report should be e-filed into the record. The status

report shall contain:

    (1)  A listing of all the parties and counsel who represent the parties;

    (2)  A listing of any motions pending for decision in the case, the date any motion was submitted for decision or is set for hearing, an indication whether oral argument was previously or shall be requested on the motion, and an indication whether an evidentiary hearing shall be needed on the motion, such as in class certification proceedings;

    (3)  The dates and times of any status conference, pretrial conference and trial set in the case; a statement as to whether the case is jury or non-jury; and the number of expected trial days;

    (4) A BRIEF description of the factual and legal issues underlying the dispute;

    (5) A listing of any discovery that remains to be done; and

    (6) A description of the status of any settlement negotiations.

Any party may request a status conference with the Court. The Court may call a status conference at any time, if deemed necessary. Only counsel of record may participate in status conferences with the Court.

Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for the Plaintiffs fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Defendant as soon as possible, but in no event later than **DEADLINE HAS PASSED**.

Written reports of experts, as defined by the Federal Rules of Civil Procedure 26(a)(2)(B), who may be witnesses for Defendants fully setting forth all matters about which they will testify and the basis therefor shall be obtained and delivered to counsel for Plaintiff as soon as possible, but in no event later than **DEADLINE HAS PASSED.**

Counsel for the parties shall file in the record and serve upon their opponents a list of all witnesses who will be called to testify at trial and all exhibits which will be used at trial no later than **DEADLINE HAS PASSED**.

The Court will not permit any witness, expert or fact, to testify or any exhibits to be used unless there has been compliance with this Order as it pertains to the witness and/or exhibits, without an order to do so issued on motion for good cause shown.

**THE PARTIES ARE INSTRUCTED TO CONTACT THE ASSIGNED MAGISTRATE JUDGE SIX WEEKS PRIOR TO THE PRETRIAL CONFERENCE DATE FOR THE PURPOSE OF SCHEDULING A SETTLEMENT CONFERENCE WHICH SHOULD BE HELD WITHIN TWO WEEKS PRIOR TO THE PRETRIAL CONFERENCE.**

Depositions for trial use shall be taken and all discovery shall be completed no later than **DEADLINE HAS PASSED**.

No special discovery limitations beyond those established in the Federal Rules or Local Rules of this Court are established.

This case does not involve extensive documentary evidence, depositions or other discovery.

A Final Pretrial Conference will be held on **August 13, 2020 at 2:00 p.m.** Counsel must be prepared in accordance with the final Pretrial Notice attached. The pretrial order must be electronically filed by 4:30 p.m. on a day that allows four full work days prior to the conference, excluding Saturdays, Sundays, and holidays. **THE PRETRIAL ORDER SUBMITTED TO THE COURT MUST BE DOUBLE SPACED AND SIGNED BY ALL COUNSEL. The parties shall comply with all deadlines stated in the Pretrial Notice, including without**

**limitation, the deadlines for filing briefs on objections to exhibits and on objections to deposition testimony.**

Trial will commence **August 31, 2020 at 9:00 a.m.** before the District Judge **with** a jury. Attorneys are instructed to report for trial no later than 30 minutes prior to this time.  The starting time on the first day of a jury trial may be delayed or moved up because of jury pooling.  Trial is estimated to last **3** days.

Deadlines, cut-off dates, or other limits fixed herein may only be extended by the Court upon timely motion filed in compliance with Local Rules and upon a showing of good cause. Continuances will not normally be granted. The Court requires strict adherence to scheduling orders and deadlines.

The Court has specific instructions regarding proper communication with chambers. Any communication with chambers is to be sent via e-mail to: efile-brown@laed.uscourts.gov, copying all counsel of record therein.

**NANNETTE JOLIVETTE BROWN**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**

Issued for the Court by:
Shaveka M. Joshua
Case Manager
shaveka_joshua@laed.uscourts.gov