UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RODNEY GRANT** | : | CIVIL ACTION |
| | : | NO. 2:17-CV-2797 "G" (3) |
| **VERSUS** | | |
| | : | CHIEF JUDGE BROWN |
| **MARLIN GUSMAN, ET AL.** | : | MAG. JUDGE DOUGLAS |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**MEMORANDUM IN SUPPORT OF RENEWED MOTION FOR SUMMARY JUDGMENT AND MOTION FOR RECONSIDERATION**

NOW INTO COURT, comes Plaintiff to ask this Court for renewed summary judgment against Defendant Marlin Gusman in his individual capacity, and reconsideration of the Court's order dismissing Plaintiff's Section 1983 claim against Mr. Gusman. This motion is based on two rulings taken together:

1. This Court's ruling that "Plaintiff has identified a promulgated policy that necessarily results in some individuals being detained beyond their legal release date."[1]

2. The Fifth Circuit's ruling that Plaintiff was such an individual.

In short: this Court held that when he was sheriff, Mr. Gusman promulgated a "written policy of driving pre-classification packets to the DOC headquarters in Baton Rouge once a week."[2] This Court determined that this policy "necessarily result[ed] in the overdetention of inmates who are eligible for immediate release upon sentencing."[3]

Earlier this year, the Fifth Circuit ruled that Plaintiff was such an inmate. Specifically, it found that Mr. Grant received a "time-served sentence" on June 30, 2016,[4] but that OPSO did not drive his paperwork to the DOC until July 7, 2016.[5]

Because Mr. Gusman personally approved a policy that "necessarily results" in overdetention, and because Plaintiff was overdetained pursuant to that policy, Plaintiff should prevail on his Section 1983 and false imprisonment claims.

---

[1] Rec. Doc. 230 at 21 (Ruling on Summary Judgment).
[2] *Id*.
[3] *Id*.
[4] *Grant v. Gusman*, 21-30230 (5th Cir. 2022) (unpublished) at *2.
[5] *Id*. at *3.

1

I.  **Procedural Background**

On April 2, 2017, Plaintiff Rodney Grant filed a complaint against officers of the Orleans Parish Sheriff's Office ("OPSO") and the Department of Public Safety and Corrections ("DOC").[6] The claims addressed Plaintiff's imprisonment past the end of his court-ordered sentence. Plaintiff brought a Section 1983 claim against then-Sheriff Gusman in his individual capacity, as well as state-law claims for false imprisonment and negligence.

On August 14, 2018, Plaintiff's Section 1983 claim was dismissed against Mr. Gusman as an individual.[7]

In March 2021, the Court largely denied cross-motions for summary judgment.[8]

On April 26, 2021, Secretary LeBlanc filed an interlocutory appeal of the decision denying him qualified immunity.[9]

On May 2, 2022, Susan Hutson took office as the Sheriff of Orleans Parish. Accordingly, she was automatically substituted as a party for Mr. Gusman in his official capacity, per Federal Rule of Civil Procedure 25(d).

On February 1, 2022, the Fifth Circuit issued its decision, rendering judgment for Secretary LeBlanc.[10] The Fifth Circuit's decision specifically addressed the interplay of authority between Sheriffs' offices and the DOC.

On August 11, 2022, this Court set a deadline for motions for summary judgment of January 25, 2023.[11]

II. **Legal Standard for Motion for Reconsideration and Summary Judgment**

Although the Fifth Circuit has noted that the Federal Rules "do not recognize a 'motion for reconsideration' *in haec verba*,"[12] it has consistently recognized that such a motion may

---

[6] Rec. Doc. 1.
[7] Rec. Doc. 67.
[8] Rec. Doc. 230, 231.
[9] Rec. Doc. 234.
[10] *Grant v. Gusman*, 21-30230 (5th Cir. 2022) (unpublished).
[11] Rec. Doc. 251 at 1.
[12] *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 173 (5th Cir. 1990)

challenge a judgment or order under Federal Rules of Civil Procedure 54(b), 59(e), or 60(b).[13]

The Court has "considerable discretion" in deciding whether to grant a motion for reconsideration, but must "strike the proper balance between two competing imperatives: (1) finality and (2) the need to render just decisions on the basis of all the facts."[14] This Court's discretion is further bounded by the Fifth Circuit's instruction that reconsideration is "an extraordinary remedy that should be used sparingly,"[15] with relief being warranted only when the basis for relief is "clearly establish[ed]."[16] Courts in the Eastern District of Louisiana have generally considered four factors in deciding motions for reconsideration:

(1) the motion is necessary to correct a manifest error of law or fact upon which the judgment is based;

(2) the movant presents newly discovered or previously unavailable evidence;

(3) the motion is necessary in order to prevent manifest injustice; or

(4) the motion is justified by an intervening change in controlling law.[17]

A motion for reconsideration "'[is] not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment.'"[18] Instead, such motions "serve the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence."[19] "It is well settled that motions for reconsideration should not be used . . . to re-urge matters that have already been advanced by a party."[20] When there exists no independent reason for reconsideration other than mere disagreement with a prior order, reconsideration is a waste of judicial time and resources and

---

[13] *Id*. (Rules 59 and 60); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369, 2010 WL 1424398, at *3–4 (E.D. La. Apr. 5, 2010) (Rule 54).
[14] *Edward H. Bohlin Co., Inc. v. Banning Co., Inc.*, 6 F.3d 350, 355 (5th Cir. 1993).
[15] *Templet v. Hydrochem, Inc.*, 367 F.3d 473, 479 (5th Cir. 2004).
[16] *Schiller v. Physicians Res. Grp. Inc.*, 342 F.3d 563, 567 (5th Cir. 2003); *Castrillo v. Am. Home Mortg. Servicing, Inc.*, No. 09-4369 R, 2010 WL 1424398, at *3 (E.D. La. Apr. 5, 2010) (Vance, J.).
[17] *See, e.g., Castrillo*, 2010 WL 1424398, at *4 (citations omitted).
[18] *Templet*, 367 F.3d at 478–79
[19] *See Waltman v. Int'l Paper Co.*, 875 F.2d 468, 473 (5th Cir. 1989) (citation and internal quotation marks omitted).
[20] *Helena Labs. Corp. v. Alpha Sci. Corp.*, 483 F. Supp. 2d 538, 539 (E.D. Tex. 2007) (*citing Browning v. Navarro*, 894 F.2d 99, 100 (5th Cir. 1990)).

should not be granted.[21]

Summary judgment is appropriate when the pleadings, the discovery, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[22] If the record, as a whole, "could not lead a rational trier of fact to find for the non-moving party," then no genuine issue of fact exists, and the moving party is entitled to judgment as a matter of law.[23] A party can renew a motion for summary judgment.[24]

### III. This Court should reconsider and reverse its dismissal of the Section 1983 claim against Mr. Gusman because of the Fifth Circuit's ruling in this case.

Here, reconsideration is appropriate due to the Fifth Circuit's ruling which establishes the law of the case. In Rec. Doc. 67, this Court dismissed Plaintiff's Section 1983 claim against Sheriff Gusman in his individual capacity. The Court's reasoning was the following:

> Taking Plaintiff's allegations as true, it appears that on June 30, 2016, OPSO Defendants were aware that Plaintiff had been sentenced to one year in the custody of the DOC, but that Plaintiff would be given credit for time he previously served in DOC custody and would not have to serve any time once the DOC processed Plaintiff's release. To expedite Plaintiff's release, Plaintiff alleges that Amacker then sent Plaintiff's paperwork to DOC the following day. The DOC then waited until July 7, 2016, to send an inmate transfer request to OPSO. Therefore, considering these allegations against OPSO, it appears that any delay in Plaintiff's release was caused by the DOC, not the OPSO. As such, Plaintiff has not plead any facts in the Second Amended Complaint showing that OPSO Defendants acted unreasonably in light of any clearly established law. Plaintiff has not carried his burden of alleging facts that would overcome the OPSO Defendants' qualified immunity defense.[25]

In that passage, there are two key reasons for the Court's dismissal of the Section 1983 claim against Gusman. First, the Court concluded that the sheriff's office sent Plaintiff's

---

[21] *Livingston Downs Racing Ass'n v. Jefferson Downs Corp.*, 259 F. Supp. 2d 471, 481 (M.D. La. 2002). *See also Mata v. Schoch*, 337 B.R. 138, 145 (S.D. Tex. 2005) (refusing reconsideration where no new evidence was presented); *FDIC v. Cage*, 810 F. Supp. 745, 747 (S.D. Miss. 1993) (refusing reconsideration where the motion merely disagreed with the court and did not demonstrate clear error of law or manifest injustice).
[22] Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[23] *Matsushita Elec. Indus. Co. Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)
[24] *E.g., Vargas v. BP Exploration & Production, Inc.*, 18-cv-11461, Rec. Doc. 161 ("IT IS ORDERED that BP's renewed motion for summary judgment, Rec. Doc. 152, is GRANTED, and the cause is DISMISSED with prejudice."); *Viser v. Trinity Catering, Inc.*, 06-cv-10960, Rec. Doc. 59 at *5 ("IT IS ORDERED that I.G. Petroleum's Renewed Motion for Summary Judgment (Rec. Doc. 46) is hereby GRANTED.")
[25] Rec. Doc. 67 at pg. 20.

paperwork to the DOC on July 1, 2016.[26] Second, the Court concluded that "any delay in Plaintiff's release was caused by the DOC, not the OPSO."[27]

On appeal, the Fifth Circuit addressed both of those points. First, the Fifth Circuit held that OPSO sent Plaintiff's paperwork to the DOC on July 7, not July 1.[28] (This fact is also undisputed by the parties; they agree the paperwork was sent on July 7.[29])

Second, the Fifth Circuit concluded that the DOC did not cause the delay of Plaintiff's release. Specifically, it held that the Secretary of the Secretary of the DOC "has no authority over entities—including local sheriff's and clerk's offices—other than [the DOC]."[30] The Fifth Circuit further held that "Louisiana law places the onus on sheriff's and clerk's offices to timely transmit bills of information to DPSC."[31]

Plaintiff does not agree with the Fifth Circuit's opinion in its entirety. But it is the law of this case,[32] and Plaintiff recognizes it as such. And because that opinion modified both elements of this Court's reasoning, this Court should reconsider and reverse its dismissal of Plaintiff's Section 1983 claim against Mr. Gusman.

**IV.    This Court should grant Plaintiff summary judgment against Mr. Gusman on Plaintiff's Section 1983 and false imprisonment claims.**

In a previous ruling, this Court found that Plaintiff met his summary judgment burden of proving a OPSO policy that caused overdetention:

> The Court finds that Plaintiff has identified a promulgated policy that necessarily results in some individuals being detained beyond their legal release date.[33]

Specifically, the Court found that:

---

[26] *Id.*
[27] *Id.*
[28] *Grant v. Gusman*, 21-30230 (5th Cir. 2022) (unpublished) at *3 ("On 7 July, seven days after Grant's sentencing, DPSC received Grant's pre-class packet, described below, from OPSO . . . .")
[29] *See* OPSO response to material facts, Rec. Doc. 164-1 at *2 ("OPSO drove Rodney Grant's paperwork to the DOC on July 7, 2016 . . . Uncontested factually . . . .)"
[30] *Grant v. Gusman,* 21-30230 (5th Cir. 2022) (unpublished) at *12.
[31] *Id.* at *13.
[32] *See* Fifth Circuit Rule 47.5.4 ("Unpublished opinions issued on or after January 1, 1996, are not precedent, except under the doctrine of res judicata, collateral estoppel or law of the case . . . .")
[33] Rec. Doc. 230 at 21.

>OPSO's written policy of driving pre-classification packets to the DOC headquarters in Baton Rouge once a week necessarily results in the overdetention of inmates who are eligible for immediate release upon sentencing.[34]

That policy was authorized and signed by Mr. Gusman.[35] He reviewed it before approving it.[36] This Court thus concluded that "it is undisputed" that Gusman "had actual knowledge of written OPSO Policy # 501.13."[37]

And according to the Fifth Circuit, this Court, and the undisputed facts, Plaintiff Rodney Grant was overdetained pursuant to Mr. Gusman's policy. On June 30, 2016, Mr. Grant was given a "time-served sentence."[38] As a result, OPSO Defendants (including Mr. Gusman) "were aware that the judge did not intend for Plaintiff to serve any more time in jail and expected him to be released on or about June 30, 2016."[39]

But because of Mr. Gusman's drive-paperwork-once-a-week policy, OPSO did not actually transmit Plaintiff's paperwork to the DOC until July 7, 2016.[40]

Plaintiff previously moved for summary judgment against OPSO defendants.[41] The Court denied that motion because "the Court finds that a genuine factual dispute exists regarding whether it was DOC Defendants or OPSO Defendants that restrained Plaintiff from June 30, 2016 through July 12, 2016,"[42] and because there is "conflicting evidence" about which day in July 2016 it was that OPSO transmitted Plaintiff's paperwork to the DOC.

But both those disputes have now been resolved by the Fifth Circuit. The first dispute was resolved by the Fifth Circuit's holding that the DOC "has no authority" over entities like

---

[34] *Id.*
[35] Rec. Doc. 133-10 (policy "Authorized by" Mr. Gusman, with his signature).
[36] Rec. Doc. 133-9 (Dep. of Gusman) ("Q. So you -- you approved this policy, correct? A. Yes. Q. Did you review it before you signed and approved it? A. Yes.")
[37] Rec. Doc. 230 at 22.
[38] *Grant v. Gusman,* 21-30230 (5th Cir. 2022*)* (unpublished) at *2.
[39] Rec. Doc. 230 at 12.
[40] *Grant v. Gusman,* 21-30230 (5th Cir. 2022) (unpublished) at *3 ("On 7 July, seven days after Grant's sentencing, DPSC received Grant's pre-class packet, described below, from OPSO . . . .") *See also* OPSO response to material facts, Rec. Doc. 164-1 at *2 ("OPSO drove Rodney Grant's paperwork to the DOC on July 7, 2016 . . . Uncontested factually . . . )."
[41] Rec. Doc. 133.
[42] Rec. Doc. 230 at 16.

6

OPSO, and that "Louisiana law places the onus on sheriff's and clerk's offices to timely transmit bills of information to DPSC."[43] The DOC could not have restrained Plaintiff while he was in the OPSO jail if the DOC had no authority over OPSO.

The second dispute is resolved by the Fifth Circuit's holding that the paperwork was transmitted on July 7, 2016.[44] That fact is undisputed among the parties.[45]

In sum:

1. Mr. Gusman personally approved a drive-paperwork-once-a-week policy.

2. That policy "necessarily result[ed] in the overdetention of inmates who are eligible for immediate release upon sentencing."

3. Plaintiff was such an inmate.

The Fifth Circuit's ruling has resolved the only reasons this Court did not previously grant summary judgment to Plaintiff. And as the Fifth Circuit recently held, "it has long been the law that sheriffs can be held responsible for unlawful detentions, especially when a court order tells them that the detainee should be released."[46] Accordingly, summary judgment should issue against Mr. Gusman as an individual on Plaintiff's Section 1983 and false imprisonment claims.

## V.   Conclusion

Based on the Fifth Circuit's ruling in this case, this Court should reconsider and reverse its dismissal of the Section 1983 claim against Mr. Gusman as an individual. And because the Fifth Circuit ruling resolved the disputed issues that prevented this Court from granting summary judgment previously, this Court should now grant Plaintiff's motion for renewed summary judgment against Mr. Gusman as an individual.

Such a ruling will not end this case, as a trial will still be needed to determine damages. But it would resolve the key legal issues, allowing for an efficient trial and resolution.

---

[43] *Grant v. Gusman*, 21-30230 (5th Cir. 2022) (unpublished) at *12-13.
[44] *Id.* at *3 ("On 7 July, seven days after Grant's sentencing, DPSC received Grant's pre-class packet, described below, from OPSO . . . .")
[45] *See also* OPSO response to material facts, Rec. Doc. 164-1 at *2 ("OPSO drove Rodney Grant's paperwork to the DOC on July 7, 2016 . . . Uncontested factually . . . )."
[46] *Harris v. Clay County*, 21-60456 at *13 (5th Cir. 2022), opinion revised August 24, 2022, *citing Whirl v. Kern*, 407 F.2d 781, 792 (5th Cir. 1968).

Respectfully submitted,

*/s/ William Most*_____
WILLIAM MOST
Louisiana Bar No. 36914
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (650) 465-5023
Email: williammost@gmail.com

*Attorney for Plaintiff*

## CERTIFICATE OF SERVICE

All Defendants other than Marlin Gusman have been served via ECF on this day, September 5, 2022. Mr. Gusman has been served by U.S. Mail and by email to mngusman@bellsouth.net.

*/s/ William Most*
William Most