# Law Office of William Most

201 St. Charles Ave. Suite 114 #101 ♦ New Orleans, LA 70170

(504) 509-5023                                                                                                 williammost@gmail.com

---

Blake Arcuri                                                                                            December 19, 2018
Counsel to Sheriff Gusman and the Orleans Parish Sheriff's Office
*Via email to* arcurib@opso.us

Re: *Grant v. Gusman*, E.D.La. 17-cv-02797

Dear Mr. Arcuri,

      This letter addresses your correspondence of December 18 and 19, 2018, that you "may seek" to correct Mr. Grant's sentence, thus sending him back to prison, because it "goes to [y]our" defenses" in the civil suit *Grant v. Gusman*.

      I would like to give you the opportunity to remedy this situation. For the reasons below, I ask you to withdraw your statements and agree not to seek to correct Mr. Grant's sentence.

A.     <u>Factual Background: On December 18 and 19, you sent emails saying that you "may seek" to send Mr. Grant to prison in order to obtain advantage in the civil matter.</u>

      My client Rodney Grant has a civil suit against Sheriff Gusman and the Orleans Parish Sheriff's Office. *Grant v. Gusman,* E.D.La. 17-cv-02797. The basis for the lawsuit is that in 2016, Judge Buras gave Mr. Grant a credit-for-time-served sentence for a fifteen-year-old burglary charge and asked OPSO to expedite his release. Mr. Grant, however, was not released for nearly a month.

      On December 18, 2018, in a chain of emails about Rodney Grant's civil suit, you sent me an email saying that "[w]e may seek correction of Rodney Grant's illegal sentence." You explained that "Burglary of an inhabited dwelling has a minimum 1 year sentence. His credit for time served is something like 30 days." On December 19, 2018, you sent me an email making explicit that your purpose would be to obtain advantage in the civil matter: "I dont [sic] know what procedural tactic I will use at this time, if I decide to pursue it. I may directly file with the court. **It certainly goes to our defenses.**"

B.     <u>A statement by a lawyer that they may seek to send someone to prison in order to obtain advantage in a civil matter is professional misconduct.</u>

      A lawyer engages in professional misconduct if the lawyer threatens to press criminal charges "solely to obtain an advantage in a civil matter." La. Rules of Prof'l Conduct R. 8.4(g); *see In re Ruffin*, 54 So.3d 645 (La. 2011) (threat of criminal prosecution to gain advantage in a civil matter violated Rules 8.4(a), 8.4(d), and 8.4(g) resulted in six month suspension from practice of law); *In re Nugent*, 15-B-0219 (La. 2015) (threat of criminal prosecution to gain advantage in a civil matter resulted in suspension of one year and one day); *In re Robinson*, 10-B-1790 (La. 2010) (threat of criminal prosecution to gain advantage in a civil matter, among other offenses, resulted in disbarment).

Here, you have said you may seek a criminal proceeding against my client that could have the effect of sending him back to prison. You have explicitly linked it to advantage in the civil case, by saying it "goes to [y]our defenses." That you have said you "may" do it is no defense – in *In re Ruffin,* the objectionable language was contingent, and was still a violation of Rule 8.4(g).

C. <u>OPSO seeking to correct Mr. Grant's settlement and send him back to prison in response to his civil suit would generate a First and Fourteenth Amendment Retaliation claim.</u>

"[T]he law is settled that as a general matter the First Amendment prohibits government officials from subjecting an individual to retaliatory actions . . . for speaking out." *Hartman v. Moore*, 547 U.S. 250, 256 (2006); *Keenan v. Tejeda*, 290 F.3d 252, 258 (5th Cir. 2002) (First Amendment prohibits "adverse governmental action taken against an individual in retaliation" for protected activities.)

As a result, even some government actions that would be otherwise lawful become prohibited if in response to protected speech or petition. "Because government retaliation tends to chill an individual's exercise of his First Amendment rights, public officials may not, as a general rule, respond to an individual's protected activity with conduct or speech even though that conduct or speech would otherwise be a lawful exercise of public authority." *Bd. of County Comm'rs v. Umbehr*, 518 U.S. 688 (1996). The First Amendment thus bars officials' actions where they "caused [the speaker] to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity" and were "substantially motivated against the plaintiffs' exercise of constitutionally protected conduct." *See Keenan*, 290 F.3d at 258.

The right to petition for redress through the court system is among the activities protected by the First Amendment, and can be the basis for a retaliation claim. *See, e.g., Borough of Duryea v. Guarnieri,* 131 S. Ct. 2488 (2011); *Anderson v. Davila*, 125 F.3d 148 (3d Cir. 1997). And specifically relevant here, the correction of sentences is an example of government action that can constitute retaliation forbidden by the First and Fourteenth amendments. *E.g., State v. Williams*, 800 So. 2d 790 (due process can be violated if sentence correction reflects "actual retaliatory motivation or pose[s] a realistic likelihood of vindictiveness.")

Here, the proposal to correct Mr. Grant's sentence comes in direct response to his civil suit. Thus, should your office seek to send Mr. Grant back to prison by correcting his sentence,[1] we will seek leave to amend the complaint to add First and Fourteenth Amendment retaliation claims.

D. <u>Conclusion</u>

Because of the reasons articulated above, will you please withdraw your December 18 and 19 statements and agree not to seek to correct Mr. Grant's sentence? Please let me know by close of business on December 21, 2018.

Very truly yours,

William Most

---

[1] OPSO has no standing to independently seek such a correction. See Code. Crim. Proc. Art. 882(B) (sentence may be reviewed upon "application of the defendant or of the state").

Cc: Counsel of Record in *Grant v. Gusman:*
Freeman Rudolph Matthews (petematthewslaw@gmail.com)
Laura C. Rodrigue (rodriguela@opso.us)
Scott G. Centorino (centorinos@ag.louisiana.gov)
Michael Courtney Keller (kellerm@ag.louisiana.gov)