## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **RODNEY GRANT** | : | **CIVIL ACTION** |
| | : | **NO. 2:17-CV-2797 "G" (3)** |
| **VERSUS** | : | **CHIEF JUDGE BROWN** |
| **MARLIN GUSMAN, ET AL.** | : | **MAG. JUDGE DOUGLAS** |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### Declaration of William Most

I have personal knowledge of the matters stated in this declaration and could competently testify to the same if called upon to do so.

1. My name is William Most. I am an attorney based in New Orleans, LA. I represent Plaintiff in the above-captioned case.

2. I make this declaration based on personal knowledge and am able to testify about matters set forth in this Declaration.

3. By way of this Declaration, I verify the contents and claims alleged in the contemporaneously filed Motion for Attorney Fees and Costs.

4. I am the owner/managing partner of the firm Most & Associates, located in New Orleans, Louisiana, and have acted as lead counsel on this matter without engaging outside or co-counsel. Our firm specializes in civil rights cases, and has successfully brought a number of civil rights cases in Louisiana. More than half of our work is litigating civil rights cases under Section 1983.

5. The time recorded was all reasonably and necessarily incurred in pursuit of this case.

6. The attorney time in this matter includes, but is not limited to, drafting the Complaint, investigating the settled state and federal claims, multiple conferences with Defendants, multiple conferences with the Court, motions to compel, correspondence with my

1

client, correspondence with the Defendants, written discovery, depositions, settlement discussions, claims analysis, appeal to the Fifth Circuit, *etc.*

7. My law firm is familiar with the appropriate billing judgment and discretion standards. Specifically, omitted and/or absent from my firm's billing in this case is any and all non-compensable and/or administrative costs, "duplicative billing," etc.

8. I have done my best to keep all time spent and billed as reasonable as possible.

9. The costs and expenses incurred in this action for which Plaintiff's Counsel seeks reimbursement are costs and expenses that would normally be charged to a fee-paying hourly billable client.

10. Before filing this motion, I engaged in a good faith effort to compromise the quantum of fees and costs without court intervention. Specifically, I provided a detailed accounting of total hours worked by each attorney, reasonable hourly rates with comparable case citations, and affidavits from Eastern District attorneys. Between OPSO counsel and myself, we exchanged twenty-one pieces of correspondence in the effort to reach agreement.

11. The actions and, on some occasions, the inactions of OPSO Defendants over the five-and-a-half years of litigating this case often resulted in an extensive investment of Plaintiff Counsel's time.

12. For the first five years of litigation (the time before Sheriff Hutson took office), OPSO Defendants took an unusually vicious and retaliatory approach to litigating. In eleven years as an attorney, I have not had any defense counsel before or since act in such an aggressive manner.

13. For example, in 2018 OPSO Defendants' counsel threatened to send Mr. Grant back to prison, for the explicit reason that it would go to their "defenses" of this civil suit.[1]

---

[1] See Ex. C (Correspondence of Counsel).

2

Plaintiff's counsel pointed out to them that it was an obvious violation of the Rule 8.4(g) of the Rules of Professional Conduct.[2] Defendants never withdrew the threat.

14. At no point prior to 2022 did OPSO Defendants ever offer a single dollar to Mr. Grant to settle his case. Even after the summary judgment ruling holding that OPSO's policy necessarily results in overdetention, OPSO Defendants did not change their settlement posture.

15. I verify that the hourly rates proposed in this motion are within the range of rates actually billed by our firm to clients for attorneys of a given number of years' experience, and which clients have paid.

16. I have reviewed the time entries for the litigation team and deducted an amount totaling $12,653.25. These deductions include entries that would not be billed to the client (e.g., duplicate entries and entries for leaving voicemail) and the exercise of billing discretion (e.g., writing down some time when less time for a project might be more appropriate). I have ensured that the time entries reflect the general subject matter of the work performed.

17. Where possible, we sought opportunities to work efficiently: for example, by employing a law student clerk with a lower billable rate than attorneys, and by noting work that was jointly of benefit to several overdetention cases.

18. This case required nearly eight hundred hours over five and a half years. At the outset of this case, undersigned counsel was a solo practitioner with one contract attorney for assistance. That is a very significant investment of time and resources for such a small firm. At times, this litigation strained the resources of the firm.

19. It is my experience that civil rights cases in Louisiana are time-consuming and risky, in part because civil rights defendants are often unwilling to discuss settlement until shortly before trial – or in many cases, never at all.

---

[2] See Ex. D (Correspondence of Counsel).

20. Plaintiff's out-of-pocket costs are summarized as follows, broken down by costs unique to *Grant v. Gusman* and costs that were joint to the individual overdetention cases.

| *Grant v. Gusman* Specific Costs | | Mileage | Mileage Rate[3] | Cost |
|---|---|---|---|---|
| 4/17/2017 | Postage and envelopes for waiver of service of process | | | 10.94 |
| 5/7/2017 | Postage for waiver forms | | | 14.09 |
| 11/1/2021 | Uber to 5th Cir for Oral Argument | | | 22.26 |
| 10/17/2018 | Deposits for transcripts | | | 100 |
| 9/3/2021 | Payment to Magnolia Legal for Fifth Circuit printing | | | 121.72 |
| 3/27/2020 | Check for transcript of MSJ / Spoliation Hearing | | | 149.65 |
| 9/12/2017 | Service of Corey Amacker | | | 206.96 |
| 2/11/2020 | Bill for depositions of Holt and Amacker | | | 319.45 |
| 2/18/2020 | Bill for Melanie Gueho deposition | | | 332.7 |
| 1/22/2020 | Gusman Deposition | | | 488.75 |
| 4/12/2019 | Depo transcript of R. Grant depo | | | 514.4 |
| 3/18/2022 | Payment to AG for costs of appeal | | | 571.80 |
| 1/22/2020 | OPSO 30b6 Deposition | | | 642.75 |
| 4/13/2020 | Deposition of Angela Griffin | | | 802.90 |
| 3/22/2017 | Cost of obtaining files from Crim. Dist. Court | | | 10.5 |
| 8/29/2018 | Meeting with R. Grant at OJC | 4 | .545 | 2.18 |
| 6/20/2018 | Attend Oral Argument | 4 | .545 | 2.18 |
| 3/1/2018 | Meeting at Tulane & Broad | 4 | .545 | 2.18 |
| 2/1/2018 | Meeting at Tulane & Broad | 5 | .545 | 2.73 |
| 12/12/2018 | Attend hearing on RFAs | 5 | .545 | 2.73 |
| 3/11/2020 | Prepare for and conduct MSJ and spoliation oral arguments | 6 | .575 | 3.45 |
| 3/10/2020 | Attend settlement conference | 6 | .575 | 3.45 |
| 9/11/2018 | Meet with RG to prepare for deposition | 6 | .545 | 3.27 |
| 12/13/2019 | Prepare for and conduct OPSO 30b6 depo | 7.8 | .58 | 4.52 |
| 12/9/2019 | Prepare for and conduct Deposition of Marlin Gusman | 7.8 | .58 | 4.52 |
| 12/6/2019 | Deposition attendance | 7.8 | .58 | 4.52 |
| 12/23/2019 | Travel to Tulane & Broad | 8 | .58 | 4.64 |
| 2/28/2020 | Jail visit with Rodney Grant | 10 | .575 | 5.75 |

---

[3] Federal mileage rate, specific to year.

| | | | | |
|---|---|---|---|---|
| 9/21/2016 | Meeting with Rodney Grant | 17.5 | .54 | 9.45 |
| 6/9/2017 | Serve T. Hooper & J. LeBlanc on R. Weldon | 46.85 | .545 | 25.53 |
| 1/10/2020 | Travel to and from 30b6 deposition | 163.4 | .575 | 93.96 |
| 2/3/2020 | Travel to and from spoliation deposition | 163.4 | .575 | 93.96 |
| | | | **Total:** | 4,577.89 |
| | | | | |
| **Overdetention Costs** | | | | |
| 2/27/2019 | Meeting with MacArthur about overdetention cases | 9 | .58 | 5.22 |
| 5/31/2019 | Joint 30(b)(6) depo; travel to and conduct | 81.7 | .58 | 47.386 |
| 5/23/2019 | LeBlanc Deposition | 163.4 | .58 | 94.772 |
| 1/12/2018 | Check to DPS&C for PRA regarding audit | | | 2.00 |
| 1/5/2020 | Crittindon transcript | | | 5.3 |
| 6/26/2019 | Bill for LeBlanc and Milligan Depos | | | 713.5 |
| 6/26/2019 | Bill for 30(b)(6) Depo | | | 778 |
| | | | **Total:** | 1646.178 |

21.     I verify that the exhibits to this motion are true and accurate copies of the documents they reflect.

I swear under penalty of perjury that the foregoing is true and correct.

Respectfully submitted,

*/s/ William Most*_____
WILLIAM MOST (La. Bar No. 36914)
201 St. Charles Ave., Ste. 114 #101
New Orleans, LA 70170
Tel: (504) 509-5023
Email: williammost@gmail.com

*Attorney for Plaintiff Rodney Grant*

5